## HUNTINGTON *against* SMITH.

Litchfield,
June,
1822.

Huntington
*v.*
Smith.

| 4  | 235 |
| 72 | 467 |

The interest of the mortgagee in mortgaged premises, after the expiration of the law-day, and before foreclosure, cannot be taken in execution.

Where one of two execution debtors, gave to the officer, who had the execution, two promissory notes, payable to the creditor, on the condition, that he, the officer, should hold them, until the creditor, having levied the execution on certain land of the other debtor, should execute and deliver to the first-mentioned debtor a deed of such land, when the notes were to be delivered over to the creditor; it was held, that these notes were escrows, and, if not delivered over, pursuant to the condition, could not be considered as given or accepted in satisfaction of the execution.

This was a *scire-facias*, stating, That by the consideration of the county court for *Litchfield* county, held at *Litchfield*, on the fourth *Tuesday* of *March*, 1817, the plaintiff recovered a judgment against the defendant and one *Miles Tobey*, for the sum of 216 dollars, 43 cents, and had execution for the same; which execution the plaintiff put into the hands of *William P. Russell*, a deputy sheriff, to execute; who, on the 18th of *May*, 1817, levied the same upon a piece of land in *Norfolk*, particularly described in his return, supposing it to be the property of the defendant, and caused it to be appraised and set off on the plaintiff's execution, in full satisfaction thereof; but the defendant had, in fact, no right nor interest in such land, it being then owned and possessed, by one *James Rood*; the plaintiff's execution has never been paid or satisfied; and *Tobey* having died, the debt survived against the defendant. The plaintiff, therefore, prayed, that an *alias* execution might issue on the judgment.

The defendant pleaded, 1st. That the land mentioned in the *scire-facias*, as being levied upon, appraised and set off on the plaintiff's execution, was land in which the defendant had an interest as mortgagee in fee, and the time limited for the redemption thereof, by the mortgagor, had expired: 2ndly, That after the rendering of said judgment, and the issuing of said execution, *viz.* on the 19th of *May*, 1817, *Tobey* executed and delivered to the plaintiff his two promissory notes, one for the sum of 60 dollars, payable on demand with interest, the other for 156 dollars, 43 cents, payable on the 1st of *January*, 1818, with interest, being the amount of said judgment and execution; which notes the plaintiff received in full satisfaction of said judgment and execution.

These pleas were traversed, by the plaintiff; on which issue was joined.

Huntington
v.
Smith.

The facts proved on the trial, were these. *Russell*, the officer in whose hands the execution was, took the notes of *Tobey* mentioned in the defendant's plea, in pursuance of an understanding between the plaintiff and *Tobey*, on the condition that he, *Russell*, should hold them, until the plaintiff should execute and deliver to *Tobey* a quit-claim deed of the land on which the execution should be levied, when they were to be delivered to the plaintiff. *Tobey* directed the officer to levy the execution on the land mentioned in the *scire-facias;* which he did, and had it appraised, and set off, to the amount of the execution and the costs. In this land the defendant had the estate of a mortgagee in possession, the law-day having expired, but no decree of foreclosure having been passed. In the fall after the levy, *Tobey* died ; and his executors directed the officer not to give over the notes to the plaintiff. The plaintiff did not get the deed, and deliver it, for *Tobey's* use, before his death. The notes still remain in the officer's hands.

The case, thus made, was reserved, by consent of parties, for the advice of all the Judges.

*P. Smith*, for the defendant, contended, 1. That the interest of a mortgagee in mortgaged premises, may be taken in execution. 8 *Mass. Rep.* 565. *Punderson* v. *Brown*, 1 *Day's Rep.* 98. *Judah* v. *Judd*, 1 *Conn. Rep.* 309. 2 *Swift's Syst.* 429.

2. That *Tobey's* notes were delivered, not as escrows, but in satisfaction of the judgment and execution. Neither *Tobey*, nor his executors, had any controul over them afterwards. The plaintiff may, at any time, get possession of them, by delivering his deed ; and may maintain suits upon them. Notes delivered to a third person, to be delivered over to the payee, on a certain event, take effect from the first delivery, and are held in trust for the payee. *Wheelright & al.* v. *Wheelright*, 2 *Mass. Rep.* 452. 454.

*S. Church* and *L. Church*, for the plaintiff, contended, 1. That the interest of the mortgagee, before foreclosure, or entry, is a mere chattel interest, and cannot be levied on as his land. The land belongs to the *mortgagor;* and may be taken in execution as *his* real estate, subject to the incumbrance. *Blanchard* v. *Colburn* & ux. 16 *Mass. Rep.* 345. *Jackson* d. *Norton* and *Burt* v. *Willard*, 4 *Johns. Rep.* 41.

2. That *Tobey's* notes were no bar to this application. First, there was *no agreement to receive them in satisfaction* of the execution. Secondly, they were never delivered so as to become effective instruments. [Upon the statement of these propositions, the Court stopped the counsel for the plaintiff.]

HOSMER, Ch. J. On the first plea in the case before us, the only question is, whether after the expiration of the law-day, and before an entry or foreclosure, the interest of a mortgagee in the premises mortgaged may be set off on execution. The fee-simple of the land mortgaged is in the mortgagor; and the mortgagee, before entry or foreclosure, has, at most, a chose in action, and a right to the possession, in order to render the mortgage available to the payment of his debt. The mortgage is an incident only to the debt, which is the principal; it cannot be detached, from it; distinct from the debt, it has no determinate value; and the assignee must hold it, at the will and disposal of the creditor, who has the note or bond, for which it is a collateral security. The debt may require only a small part of the land to satisfy it; and by the levy of several executions, the mortgagor, desiring to redeem, may be much embarrassed. The land cannot be taken for the debts of the mortgagee, until his entry upon it, and, in my opinion, until foreclosure. These principles are so thoroughly established, and so frequently has it been decided directly, that mortgaged premises not entered upon by the mortgagee or foreclosed, cannot be taken for his debts, that a more extensive investigation of the subject is unnecessary. *Fish v. Fish,* 1 *Conn. Rep.* 559. *Portland Bank v. Hall,* 13 *Mass. Rep.* 207. *Blanchard v. Colburn* & al. 16 *Mass. Rep.* 345. *Jackson v. Willard,* 4 *Johns. Rep.* 41. *Jackson v. Dubois,* 4 *Johns. Rep.* 216. *Hitchcock v. Harrington,* 6 *Johns. Rep.* 290. *Collins v. Torry,* 7 *Johns. Rep.* 278.

The second plea was, that certain promissory notes were accepted by the plaintiff, in full satisfaction of the judgment and execution mentioned in his declaration. The proof exhibited evinces, that the notes were escrows, and not to be delivered, until the execution of a deed, on the plaintiff's part; (*Jackson v. Catlin,* 2 *Johns. Rep.* 248. 259. *Lansing v. Gaine & Ten Eyck,* 2 *Johns. Rep.* 300. 306. *Catlin v. Jackson* in err. 8 *Johns. Rep.* 520.) and that they never were delivered. It

*Litchfield,*
*June,*
*1822.*

*Huntington*
*v.*
*Smith.*

is an undoubted consequence, that they could not have been accepted, in satisfaction.

Neither plea has been supported; and I would advise, that the plaintiff have judgment.

The other Judges were of the same opinion.

Judgment to be rendered for the plaintiff.