## WILLIAMS *against* ROBINSON and others.

The testator, after giving the use of one half of his real estate to his wife, during her widowhood, devised the residue of his estate to his five sons, their heirs and assigns forever; provided, that if any of his said five sons should die, without leaving a lawful heir, his or their share or shares should be equally divided among the survivors; and that none of the real estate so devised should be sold until three years after the termination of his wife's widowhood, unless sold to some of said five sons. One of these sons conveyed his fifth part to another, who mortgaged in fee, by a deed containing the usual covenants, two fifth parts to the plaintiff, to secure a debt due to him from the mortgagor, for money loaned to him, on his representation that he was owner in fee of the property; such sale and mortgage being made during the widowhood of the testator's wife. On a bill for a foreclosure and the appointment of a receiver, against the mortgagor, who was in possession, and two subsequent mortgagees, it was held, 1. that it was unnecessary to determine whether the sons took under the will an estate in fee or in tail; because if any estate whatever was conveyed to the plaintiff, by the mortgage, he was entitled to a foreclosure of that estate against the mortgagor and the other defendants; 2. that the clause in the will restricting the power of alienation, was intended to protect the widow in the enjoyment of her interest, without the annoyance which might result from the occupancy of a stranger with her, and not to deprive the sons of the power of raising money, by mortgage of their shares; 3. that there was no sufficient reason for the appointment of a receiver of the rents and profits, as the plaintiff might resort to his action at law to recover possession, and take them himself.

THIS was a bill in chancery for a foreclosure, an injunction against waste and the appointment of a receiver.

*New-London,*
July, 1844.

Williams
*v.*
Robinson.

The facts alleged in the bill, and found by the court, are comprised, substantially, in the following statement. On the 2nd of *October,* 1840, *Joseph Robinson,* one of the defendants, applied to the plaintiff to borrow of him the sum of 1900 dollars; and, to induce the plaintiff to make the loan, *Robinson* stated, that he owned in fee, and free from all incumbrances, two fifths of a certain farm or tract of land in *Stonington,* containing about 300 acres; and that to secure the repayment of such loan, with interest, he would mortgage this property to the plaintiff. Confiding in these representations, the plaintiff loaned him 1900 dollars, and took his note for that sum, payable on demand, with interest, and, as collateral security, a mortgage deed of said land, containing the following description of the premises, *viz.* " one certain tract or parcel of land lying in *Stonington,* bounded, &c., containing, by estimation, 300 acres, with two dwelling-houses and out-buildings thereon standing, it being the same farm that recently belonged to my deceased father, *Joshua Robinson.* Two fifths of said tract of land or farm is all that I own of said farm or tract of land: the other three fifths is now owned by *Nathaniel* and *Benjamin Robinson.*" This mortgage deed was duly signed, sealed, witnessed and acknowledged, and contained the usual covenants of seisin and warranty, covenanting, among other things, that said land was free from all incumbrances, and conditioned to become null and void, on the payment of said note. The plaintiff has since discovered, that *Joseph Robinson* has no title to said two fifths of said farm, except what he derived as one of the five devisees in fee, by virtue of the last will and testament of *Joshua Robinson,* and by purchase and deed of one fifth of said farm from *William Robinson,* another of the devisees.

The provisions of the will, which are material in this case, are the following: " *Item,* I give and bequeath to my beloved wife, *Nancy Robinson,* the use and improvement of the one half of all my real estate, as long as she remains my widow: said real estate to be improved by one of my sons, which she, the said *Nancy,* may choose to live in the house with her; which son is to pay her a reasonable rent for her part, or improve the same on shares." " *Item,* all the rest and residue of my estate, both real and personal, including all that part of my estate which I have given my wife, *Nancy Robinson,* du-

ring her widowhood, I give and bequeath unto my sons, *Nathaniel Robinson, Joseph Robinson, Thomas W. Robinson, William Robinson* and *Benjamin Robinson*, their heirs and assigns forever, on condition that they pay all my just debts, funeral charges, and legacies, given in this my last will and testament: and if any of my said five sons should die, without leaving a lawful heir, then and in that case, his or their share or shares be equally divided among the survivors of said five sons; provided nevertheless, and it is my will, that none of the real estate which I have given to my said five sons shall be sold, until three years after the decease or widowhood of my wife *Nancy*, unless sold to some of said five heirs, meaning to have it improved all together until that time. And it is my will, that whichever of said sons shall improve said farm, he shall pay a reasonable rent to the rest for the same." "*Item*, I give and bequeath said real estate to my sons, as above, provided they pay all my just debts, funeral charges and legacies, as above named, and pay to my grand-daughter *Mary Elizabeth Robinson*, daughter of my son *Dudley Robinson*, 300 dollars, to be be paid by them in nine months after my decease."

The representation of *Joseph Robinson*, that he owned and could convey said two fifths of the farm, free from all incumbrance, was not true; said two fifths being in fact under the incumbrance of the widow of *Joshua Robinson*, she being now living, and in health, and the widow of the testator. *Thomas Robinson* and *William Robinson* sold their respective shares or fifth parts of the farm, one to *Nathaniel Robinson*, and the other to *Joseph Robinson*. The vendors have both since died, leaving lawful heirs. *William*, who conveyed his fifth part to *Joseph*, had no title thereto, except by virtue of said last will and testament.

*Joseph Robinson* now is, and ever since the date of his mortgage to the plaintiff has been, in the possession and improvement of said farm; and has neglected to pay the widow her part of the rent and income thereof, or to pay to the plaintiff the interest on his mortgage debt. The value of the whole mortgaged premises is 8,000 dollars; and the annual rent thereof will not exceed the sum of 200 dollars, although if the premises were free from incumbrances and embarrassment in respect to title, an annual rent of 350 dollars might

*New-London,*
*July, 1844.*

*Williams*
*v.*
*Robinson.*

be obtained.    The debts, legacies and funeral charges of *Joshua Robinson*, the testator, with the exception of the legacy of 400 dollars bequeathed to *John Robinson*, the son of the testator, who, if alive, is in foreign parts, and has never, since the death of the testator, come to the *United States*, or demanded said legacy.   Since the execution of *Joseph Robinson's* mortgage to the plaintiff, he has mortgaged the same two fifths of said farm to *Russel Bentley*, to secure the payment of a debt to him, and has also made an assignment to *Isaac Champlin* of all his estate, both real and personal, in trust for the payment of his debts, pursuant to the provisions of the statute of 1828; and he is now wholly insolvent.   *Nathaniel Robinson* is now a resident of *Stonington*, and much embarrassed in his pecuniary affairs, if not insolvent.   He is, moreover, in feeble health, and unable to improve and manage said farm to advantage.   *Benjamin Robinson* has moved out of this state, and is settled in the *Western* part of the state of *New-York*.

The case was reserved for the advice of this court as to what decree should be passed.

*Pomeroy*, for the plaintiff, contended, 1. That the intention of the testator was, that in case one of his five sons should die, having no heirs of his body, and never having sold pursuant to the power given in the will, his share should go to the survivors, and not to the heirs general of the testator; and that this is the construction which ought to be given to the devise in question.   A general devise to *A*, without any specification of the quantity of interest, with a contingent remainder over to *B*, his heirs and assigns, with power of disposal to *A*, gives *A* a fee.   *Jackson* d. *Livingston* v. *Robins*, 16 *Johns. R.* 537.   1 *Sw. Dig.* 149.   Is not the present case stronger still?   Here, a fee is given expressly; then a contingent remainder to survivors or heirs; then a direct and explicit power of disposal to devisees.   To the same effect is *Ide* v. *Ide* & al. 5 *Mass. R.* 500.   Every limitation, which is to vest an interest on a contingency, or an event which may not happen, is a conditional limitation.   1 *Prest. Est.* 40.   Now, is not this, as to survivors or heirs of *William*, a contingent remainder; and has not the contingency happened, which bars the survivors and heirs of *William*, viz. the sale

New-London,
July, 1844.

Williams
v.
Robinson.

to *Joseph*, contemplated and authorized by the will ? 1 *Prest. Est.* 47. 69. 74. 75.    4 *Kent's Com.* 519. 520.

Further, the defendant, *Joseph Robinson*, who alone appears here, is esstopped, by his deed to the plaintiff, from saying, that he has not a fee, and a right to the rents and profits of two fifths of the farm.

2. That the plaintiff is entitled to the relief sought. Where the plaintiff has an equitable claim, and no immediate legal remedy, and the fund or estate is being squandered or misapplied, or there is imminent danger that it will be, so that the injury to the plaintiff will be irreparable, equity will interpose, by injunction, and when necessary, by the appointment of a receiver. If the rents are misapplied, where the first mortgagee is not in possession, a receiver will be appointed, on the application of the second mortgagee. In this case, the misrepresentation of the defendant as to incumbrances, justifies the apprehension of the plaintiff, while it precludes objection on the part of the defendant.    1 *Chitt. Eq. Dig.* 697.    2 *Sto. Eq.* 130. & seq.    *Dalmer* v. *Dashwood*, 2 *Cox* 378.    *Pritchard* v. *Fleetwood*, 1 *Meriv.* 54.    *Tomlinson* v. *Ward*, 2 *Conn. R.* 396.    *Ogden* & al. v. *Kip* & al. 6 *Johns. Ch. R.* 160. *Mitf. Pl.* 148. n.

*Strong*, contra, contended, 1. That the plaintiff acquired no title whatever, by virtue of the mortgage deed from *Joseph Robinson* to him ; for what estate soever the five sons of *Joshua Robinson* took under his will, the power of alienation, except from one son to another, was inhibited during the widowhood of *Nancy Robinson*.    The testator *intended*, that during that period, no stranger should intermeddle with the estate ; and this intention is clearly expressed in the will.

2. That a qualified restriction of the power of alienation, like this, is valid and binding.    *Litt. s.* 360. 361.    *Co. Litt.* 223. *a. b. Jackson* d. *Church* & al. v. *Brownson*, 7 *Johns. R.* 232.    *Jackson* d. *Lewis* & ux. v. *Schutz*, 18 *Johns. R.* 184.

3. That an alienation by mortgage deed, is a *sale* within the meaning of the will.    It transfers the legal title, and gives the mortgagee the right of immediate possession, to the annoyance of the widow—precisely the evil which the testator meant to guard against.

4. That the five sons of *Joshua Robinson*, in this case, took

New-London,
July, 1844.

Williams
v.
Robinson.

under the will an *estate-tail ;* and therefore, the mortgage to the plaintiff in fee, was inoperative. 4 *Kent's Com.* 276. *Morgan* v. *Morgan,* 5 *Day,* 517. *Couch* v. *Gorham,* 1 *Conn. R.* 36. *Dart* v. *Dart* & al. 7 *Conn. R.* 250. *Hudson* v. *Wadsworth,* 8 *Conn. R.* 348.

5. That if the plaintiff has a valid mortgage, still he cannot have a receiver appointed. In the exercise of his legal rights, he may take possession, and appropriate the rents and profits. He can, in this way, act as beneficially for himself, as a receiver could do ; and perhaps more so. *Berney* v. *Sewell,* 1 *Jac. & Walk.* 627.

WAITE, J. The questions necessarily involved in the present case, are, whether the plaintiff is entitled to a decree of foreclosure, and also to the appointment of a receiver.

1. The defendant *Joseph Robinson* executed and delivered to the plaintiff a mortgage deed of two-fifths of a certain farm, which formerly belonged to his father, *Joshua Robinson.* The interest which he had in the property, depends upon the construction to be given to the will of his father, by which the farm was devised to the five sons of the testator. One-fifth the mortgagor claimed as his own share under the will, and the other fifth, as the share conveyed to him by his brother *William.*

We do not consider it necessary to determine precisely what estate the sons took under the will, whether an estate in fee or in tail ; because if the plaintiff, by the mortgage, took any estate whatever, which is still subsisting, he is entitled to a foreclosure of that estate, as against the mortgagor, and the other defendants who derived their title from the mortgagor, by conveyances subsequent to the mortgage to the plaintiff. Although the deed to the plaintiff purports to convey an estate in fee in two-fifths of the farm, yet if the mortgagor owned but one-fifth, or an estate for life only, the deed will operate as a conveyance of all the interest he had. *Law* v. *Hempstead,* 10 *Conn. R.* 23. *Rogers* v. *Moore,* 11 *Conn. R.* 553. And if the debt for the security of which that interest was mortgaged, is still unpaid, the plaintiff is entitled to a decree of foreclosure. We therefore waive the discussion of the question as to what estate the mortgagor took under the will of his father, and the deed from his brother, as being un-

necessary, in the decision of the present case ; and improper, as persons having an interest in the question are not parties to the suit, and have had no opportunity of being heard.

The testator, in his will, directed, that none of the real estate given to the sons, should be sold, until three years after the expiration of the widowhood of his wife, unless sold to one of those sons. As the widow is still living and unmarried, and the plaintiff is not one of the sons of the testator, it is insisted, that the mortgage to him is invalid. If this be so, and the plaintiff acquired no interest whatever under the mortgage to him, the bill should be dismissed.

In order to ascertain the construction to be put upon this provision in the will, it becomes necessary to look at the object, which the testator had in view in making it. Was it to deprive his sons of all power of alienation during the widowhood, or to protect the widow in the enjoyment of the interest devised to her ? The latter seems the most probable. He directs, that the estate shall be improved, by one of the sons, whom his widow may select, and who is to be accountable to her and the other sons for the rent of their respective shares. No provision is made as to the person who should take, in case all of his sons should attempt to sell contrary to the directions in the will. He doubtless meant to guard his widow against the annoyance which might arise from having a stranger occupy with her one half of the house and farm.

A construction depriving the sons of the power of alienation, and of raising money by a mortgage of their shares, is not to be given to the will, unless required in unequivocal terms. It has ever been the policy of our law, that all the property of a man shall be made available for the payment of his debts.

Here it is found, that the mortgagor obtained from the plaintiff the loan of a large sum of money, upon the representation that he was the owner in fee of the property described in the mortgage deed. The reasons ought to be very strong to induce a court, under such circumstances, to deprive the plaintiff of the power of appropriating the property in payment of the debt. And we are not satisfied, that a fair construction of the will requires this to be done.

We, upon the whole, think, that the mortgagor took, under the will, a beneficial interest in the farm, which he was not, by

*New-London,*
July, 1844.

Williams
*v.*
Robinson.

the provisions in the will, prevented from conveying to the plaintiff.

The remaining inquiry relates to the appointment of a receiver. The question is not, whether, under any circumstances, such an appointment ought not to be made, but whether the plaintiff is entitled to it, upon the case as presented to us.

Now, it is alleged in the bill, and found by the court, that the deed to the plaintiff contained the usual covenants of seisin and warranty; and that the mortgagor now is, and ever since the mortgage, has been, in possession of the farm. And the suit is against the mortgagor, and other persons deriving title from him subsequent to the mortgage to the plaintiff. How then does the case differ in principle from the ordinary case of a mortgage of an undivided interest in real estate—the mortgagor continuing in possession? In the latter case, it is not usual for the court to appoint a receiver of the rents and profits, but to leave the mortgagee to his action at law to recover possession, and take them himself.

We see nothing in the case to prevent the plaintiff from pursuing the same course. The mortgagor, by his covenants, may not be estopped from setting up in his defence in this case, those facts which the plaintiff in his bill has alleged to be true; yet in an action of disseisin for the possession, he might be estopped from denying that he owned and conveyed, in the manner stated in the covenants of his deed. *Stow & al.* v. *Wyse,* 7 *Conn. R.* 214.

It is true, the bill sets out the mortgagor's title under the will, the widow's interest in the mortgaged premises, and her power of appointment; but it does not state, that she has ever exercised that power, or threatened to exercise it, to the prejudice of the plaintiff; or that the mortgagor claims to hold by virtue of any authority derived from her.

Besides, the widow and the other persons interested in the farm, are no parties to this suit. The appointment of a receiver may affect their rights. Before this is done, they ought to have an opportunity of being heard.

Were the appointment of a receiver the sole object of the suit, the cause might be continued, for the purpose of enabling the plaintiff to bring all necessary parties before the court. But as he has made no such request, and has prayed for other relief, which we think may properly be granted, we advise

the superior court to grant the prayer for a foreclosure, and refuse the appointment of a receiver.

In this opinion the other Judges concurred.

Foreclosure to be decreed.

Receiver not to be appointed.