## HILL AND OTHERS *vs.* MEEKER.

If it appears, upon a bill of foreclosure, that the plaintiff acquired any estate, which is still subsisting, by virtue of his mortgage-deed, he is entitled to a foreclosure of that estate.

In such case, the court will not ordinarily go into an enquiry, as to the quantity of estate mortgaged.

Where the defendant, in his answer to a bill of foreclosure, admitted that the plaintiff acquired a valid title to all the mortgaged premises, except twenty acres thereof, and alleged that the mortgagor had not at the time of executing the mortgage deed, any interest in said twenty acres, and that the whole title to the same had become vested in the defendant; it was held, that in default of payment of the mortgage debt, the plaintiff was entitled to a decree foreclosing the defendant of his right to redeem the property conveyed by the mortgage, leaving the parties at liberty to contest the title to said twenty acres, in an action at law, which was the legitimate mode of determining its validity.

THIS was a bill to foreclose mortgaged premises. It alleged that, on the 4th of December, 1840, Arza Meeker was indebted to John L. Hill, since deceased, by two promissory notes of that date, one for the sum of $3,000, and the other for $2,900, both payable to Hill, on demand, with annual interest, and, to secure the payment of the notes, mortgaged to Hill a certain tract of land, situated in the town of Reading, containing 136 acres; that Arza Meeker afterward conveyed all his interest in the mortgaged, premises to Frederick W. Meeker, and the defendant, who has since become the sole owner of the equity of redemption.

The defendant, in his answer, alleged that, as to twenty acres, part of the land described in the mortgage deed, the said Arza, at the time of the mortgage, had no interest therein, but the same belonged to Esther Meeker, and remained hers, until the year 1850, when she conveyed the same to Frederick W. Meeker, and the defendant, and that the whole title to the same is now in the defendant; that, as to the remainder of the land, described in the mortgage deed, he admitted that he had purchased the equity of redemption,

Hill and others *v.* Meeker.

and was willing to suffer a decree of foreclosure, as to that portion.

The cause was referred to a committee, whose report embraced the following facts:

In 1794, Jonathan Meeker, Jr., owned all the lands described in the mortgage deed, and conveyed the twenty acres described in the defendant's answer, to Richard Hawley, who afterward, in the year 1800, conveyed the same to Esther Meeker, his daughter, and the wife of Jonathan, who died in 1831. The two deeds were not recorded before his death, but remained in her possession. A few months afterward, she gave them to her son, Arza Meeker, with directions to have them recorded, which he, without her knowledge, although he knew their contents, omitted to do, until the year 1850, when they were duly recorded. Upon the death of Jonathan, all the mortgaged premises, except the twenty acres, descended to Arza, his only son, and heir at law. At the time of the mortgage to Hill, he had no knowledge of the existence of the deeds of the twenty acres, and Esther Meeker had no knowledge of the mortgage, until some years after it had been given. In 1849, Arza conveyed all his interest in the lands, described in the mortgage deed, to Frederick W. Meeker, and the defendant; and in 1850, Esther executed a deed to them of the twenty acres, and all the interest, thus conveyed to Frederick, is now vested in the defendant, who is in possession of the mortgaged premises. Upon the death of Hill, the mortgagee, the notes given to him became the property of the plaintiffs, by distribution.

The superior court, at its session holden at Bridgeport, in April, 1855, reserved the question, as to what decree should be passed, for the advice of this court.

*Butler & Carter*, and *Averill*, for the plaintiffs.

*Ferry*, and *W. F. Taylor*, for the defendant.

WAITE, C. J. It has been repeatedly holden by this court, that, upon a bill for a foreclosure, if it appear that the plaintiff, by virtue of the mortgage deed, acquired any estate whatever, which is still subsisting, he is entitled to a decree of foreclosure, and the court, in such a suit, will not ordinarily go into an enquiry, as to the quantity of the estate mortgaged. *Williams* v. *Robinson,* 16 Conn. R., 522. *Wooden* v. *Haviland,* 18 Conn. R., 107.

And we see no reason for departing from that rule in the present case. It is admitted that, by the mortgage deed, a valid title passed, as to all the mortgaged premises, with the exception of the twenty-acre tract, and that so far, the plaintiffs are entitled to a decree.

We therefore see no difficulty in passing a decree, that, unless the defendant shall pay to the plaintiffs all that shall be found due to them upon the mortgage, he shall be foreclosed of all right to redeem the property conveyed by the mortgage. This will leave parties at liberty to contest the title to the twenty-acre tract, in an action at law, the legitimate mode of determining the validity of that title.

The case might be different, had no other lands been mortgaged than the twenty-acre tract. In that case, it might be proper to enquire, whether any interest passed by the deed, that the court might see, whether, in passing a decree, they were not doing a nugatory act. But even in such case, proceedings might be stayed, until the title was established, in an action at law.

But in the present case, there is no such danger. It is admitted that the plaintiffs are entitled to a decree, and the only question is, as to the extent of that decree, and we see no difficulty in passing it in the form we have stated.

If no title to the twenty-acre tract was conveyed by the deed of mortgage, then the plaintiffs can sustain no action for the possession of it, and the defendant will sustain no injury by the decree. On the other hand, if a good title passed, then the defendant ought to redeem, or be foreclosed.

Should any circumstances arise, rendering necessary the interposition of a court of chancery, that interposition should be invoked, in a suit adapted to the case, and not by way of defence to a bill, simply praying for the foreclosure of mortgaged premises.

For these reasons, we forbear entering upon the enquiry, relating to the validity of the plaintiffs' title to the twenty-acre tract, leaving the parties to settle that question, if they think proper, in another form of action, and advise the superior court to pass a decree, in the manner we have stated.

In this opinion, the other judges concurred.

Decree for plaintiff.