### GEORGE A. BULL *vs.* NORMAN MELONEY.

The allegation in a bill for a foreclosure, that the respondent, to secure the debt described, " did execute to the petitioner a deed of a certain piece of land," [describing it, with the condition,] is a sufficient averment of an interest in the mortgaged premises on the part of the petitioner, to warrant the court in entertaining the bill and passing a decree upon it. [Storrs, C. J., dissenting.]

WRIT of error from a decree upon a bill for a foreclosure. The decree had been passed upon the default of the respondent. The bill was claimed by the plaintiff in error to be defective in not showing an interest in the mortgaged premises on the part of the petitioner. The decree, which followed substantially the language of the bill, was claimed to be defective for the same reason. The part of the bill, important to the present case, was as follows :

The petition of Norman Meloney, of, &c., respectfully represents, that on the 28th day of April, A. D. 1857, George A. Bull, of, &c., was justly indebted to your petitioner, by note of that date, in the sum of $621.35, payable on demand with lawful interest; and that, to secure the payment of said note, the said George A. Bull, on the said 28th day of April, 1857, did execute to your petitioner a deed of a certain piece of land; [describing it;] to which said deed the following condition in writing was annexed, to wit : " always provided, that whereas the said Bull is justly indebted to said Meloney

by his promissory note for the sum of $621.35, dated April 28th, 1857, and payable to said Meloney or order, on demand with interest; now if said Bull shall well and truly pay or cause to be paid said note according to the terms of the same, then this deed to be void; otherwise, to remain in full force in law:" as by said deed acknowledged and recorded, ready in court to be shown, appears.

The bill contained no other allegations as to the title of the respondent to the land mortgaged by him, or as to the interest acquired by the petitioner by means of the mortgage.

*Jos. A. Welch,* for the plaintiff in error.

The petition shows no interest of the respondent in the mortgaged premises, and consequently no interest of the petitioner, since the latter could possess no interest for the purposes of this bill except as derived from the respondent by the mortgage deed. The usual form of averring this interest, as given in the revised edition of Swift's Digest, is that the respondent " did execute to the petitioner a deed of a certain tract of land *of which he was then seized in fee simple.*" It is clear that without this allegation of seizin in the respondent, the mere averment *that he executed a deed* to the petitioner does not show any interest in the petitioner. It is necessary that such a bill should show such an interest. Cooper's Eq., 166, 177. *Jerome* v. *Jerome,* 5 Conn., 352, 356. *Crane* v. *Deming,* 7 id., 387, 390, 392. *Frink* v. *Branch,* 16 id., 260, 268. 2 Swift's Dig., 198, 200. This defect is not cured by the decree. The decree was passed on the default of the respondent, and the petition now stands, in relation to this question, precisely as it would have done upon a general demurrer. 1 Chitty Pl., 673. 1 Saund., 228, note 1. 1 Sw. Dig., 778.

*Arnold,* contra.

ELLSWORTH, J. The question raised upon this writ of error is, whether it be necessary to aver distinctly in a bill

for foreclosure, that the petitioner has title to the mortgaged premises.

It is said that some years since there was a decision on the circuit by Chief Justice Hosmer to this effect, and that that decision has been followed by other judges, and confirmed by the practice of the profession, until it has become the law of the state. On the other hand, it is said that the decision was not at the time satisfactory to the bar, and has not been generally approved or acquiesced in since; that the rule itself is not founded in reason, and that the judges have often shown their dislike to it, by resorting, when necessary, to slight and unimportant distinctions to evade it; Chief Justice Williams deciding in one case that, if it appeared from the bill, either by recital or averment, that the mortgage deed was one with covenants, the allegation was unnecessary. It is further said, that at the present time the practice on this point is far from being uniform with the profession; and that eminent counsel and able judges do not hesitate to say, that the recital in the bill of a deed which conveys the property, or an averment in the bill that it was in fact conveyed, is amply sufficient, as amounting in substance to an averment of such a title and interest in the petitioner as will warrant a decree of foreclosure in his favor.

We have so far informed ourselves on this subject, as to come to the conclusion that we ought to examine the question *de novo* and to settle it on principle. And we are the more willing to do this, as the point has never been adjudicated in our highest court. If we err, we have the satisfaction of knowing that we err in upholding manifest truth and justice, against dubious if not over nice technicality.

We admit that a petitioner must have an interest in the subject matter which he presents for adjudication, and that he must, in the bill, aver what that interest is, and in his proof establish the truth of his averment. This we think has been done in this instance. The petitioner does not ask for the acquisition of a new right or title, such as the execution or correction of a deed, or a decree for a title or for quiet possession, or any thing of that nature. He asks for no

addition to what he already possesses, but only that the perfect legal title which he now has shall not be taken from him, unless it be done within a limited time to be fixed by the court. If then the deed and the debt are admitted, as they certainly are, in this case, by the default, it would seem as if every material fact was made out which the petitioner is obliged to prove in the first instance. This is all that is done in ordinary cases of foreclosure, even in the case of a release mortgage deed, which of course does not prove a legal or equitable title, though it proves an interest sufficient to enable the mortgagor to obtain a foreclosure. Such is the doctrine of *Palmer* v. *Mead*, 7 Conn., 156, and it is so laid down by Judge Swift in his digest. (2 Sw. Dig., 1st ed., 656.)

Now we find in this bill the allegation that a valid deed was made, apparently sufficient to convey the land in question, and that the grantor intended to secure his indebtedness to the grantee, by making the deed. What is this but saying that the respondent *deeded* or *conveyed* the land as expressed in the deed; and no one can seriously doubt that such an allegation would be proper and sufficient in a bill to foreclose. Indeed, I have a strong impression that this is all that is to be found in the bills in equity brought to obtain or correct titles to real estate, and it is quite enough to evince, that, in asking, as in this instance, for the interposition of the court to fix a limit to the defeasibility of the title, the petitioner is not trifling with the time or the dignity of the court.

We may assume as true, that which the respondent does not deny, and, except in a certain class of cases can not, that his deed is what it purports to be, a *bona fide*, effective conveyance of the land; and hence the allegation in the bill, of the execution of the deed, means, if it means any thing, that there was by means of it an important right and interest created and vested in the mortgagee. This is the very language of the transaction as it is described in the bill.

We may gain some light on this question, by looking back to the numerous decisions of our own courts on the subject of title in suits for foreclosure, and to the practice which has prevailed from the first with regard to such suits. It has

always been laid down as the law of England, and of this state until lately, that title is not brought in issue in a petition for foreclosure. In *Cowles* v. *Woodruff*, (8 Conn., 35,) our court, for the first time, made an exception in the case where the loan of money was usurious—on the ground, as I then supposed and still believe, that if the defense was sustained, the deed was made absolutely void by force of the statute forbidding usury. In *Palmer* v. *Mead*, (7 Conn., 149,) the court refused to except from the general rule the case of creditors who had attached the land of the mortgagor, claiming and offering to prove that a prior mortgage was fraudulent and void against creditors. The court decided that *the title was not in issue in a petition for foreclosure.* As far back as 1796, it appears from 2d Swift's System, 439, that it was our law, in accordance with the English law, " that on a bill of foreclosure, the title of the mortgagee can not be investigated, but he will be left to pursue legal measures to establish it." In 1803 the superior court, in *Hayden* v. *Belden,* decided the same thing, as they had done shortly before in the case of *Owen* v. *Granger,* referred to in 2 Day, 477.

Judge Hosmer, then at the head of the court, in giving the opinion in *Palmer* v. *Mead,* just referred to, distinctly and emphatically says, that the only question in our courts is, whether *the mortgage deed has been properly executed,* and he cites Judge Swift as holding the same opinion. A kindred doctrine was held in *Broome* v. *Beers,* (6 Conn., 198,) and is the undoubted law of our courts at the present time. It is well settled that a suit to foreclose need not be brought in the county where the land lies, though the statute declares that, where the title is brought in issue, the suit must be brought in the county where the land lies. We will not pursue the subject further. The above cases are cited as throwing important light upon the question, whatever may be the state of the law in its relation to this question in some other respects at the present time. But whether the ancient rule be accredited and followed in all cases or not, or departed from on principle in a certain class of cases, we

Bull *v.* Meloney.

have no occasion more particularly to inquire ; since the question which we are called upon to decide is, whether in this bill there is enough alleged, of interest and title, to sustain the prayer of the bill for the interposition of the court. We think there is.

We have not overlooked the case of *Frink* v. *Branch*, (16 Conn., 260,) to which our attention was called by the respondent's counsel. It does not appear from any thing stated in the report of that case, that the bill contained any other or fuller allegation of title or interest in the petitioner, than the present one ; nor is there any allusion to the point by the counsel in their arguments ; but the great question in that case was as to the character and situation of the property, whether it was partnership property or not, and whether it was properly described. Judge Church, it is true, in his opinion, does say that the petitioner must have title of some kind, and that it must appear, and may be put in issue on the trial. We have no occasion to call in question the decision in that case, so far as we can understand the facts from the report ; nor perhaps the general remarks of the learned judge, whether they were called for or not. Let it be so, that under the peculiar and complicated circumstances of that case, the petitioner had no right to foreclose the respondents ; the question before us, is, whether the petitioner has not alleged in his bill, interest and title sufficient to justify his application for a foreclosure. This question we have answered.

There is no error.

In this opinion Hinman and McCurdy, Js., concurred.

Storrs, C. J., was of the opinion that the bill in this case was defective from the want of any allegation, importing that the petitioner had any estate or interest in the land described in it, and that therefore, in accordance with what he believed to be the uniform decisions at the circuit, in cases not distinguishable from the present, as to the necessity of such allegations, the bill should, if a demurrer had been

Bull *v.* Meloney.

interposed, have been held to be insufficient; but he concurred in the result to which the other judges had come, that the judgment below ought to be affirmed, on the ground that the plaintiff in error could sustain no injury by it, if, as he claimed, neither the petitioner nor the respondent had, so far as the record showed, any interest in the land respecting which the foreclosure was brought; his claim being, that it did not appear that the petitioner acquired any interest under the mortgage deed because it was not averred that the respondent had any title to convey; and it being very obvious that if the respondent had no title whatever to the mortgaged land, he could not be injured by a decree limiting the time within which he should redeem it; it being well settled that a writ of error is not sustainable in favor of a party who can suffer no injury by the judgment of which he complains. *Alling* v. *Shelton*, 16 Conn., 436.

Judgment affirmed.

NOTE. The decision of Judge Hosmer, referred to in the opinion of Judge Ellsworth, and which seems to have been a leading one at the circuit, was rendered in the case of *Palmer* v. *Parish*, in Windham County, at the January Term of the Superior Court in 1822. Since the argument of the foregoing case, I have examined the file in the office of the clerk of the court in that county, for the purpose of seeing precisely what were the allegations of the bill in that case. The bill, after averring that the petitioner had endorsed a certain note for the accommodation of the respondent, proceeds with the allegation that the respondent, " in order to secure the petitioner and indemnify him for having indorsed said note as aforesaid, did make, execute and deliver to the petitioner a certain deed, with conditions thereunto annexed, commonly called a mortgage deed, which deed and conditions were and are in the words and figures following." The bill then sets out a copy of the whole mortgage, which contained covenants of seizin and warranty. The respondent demurred to the bill, and Judge Hosmer held it to be insufficient, and required the petitioner to pay cost on its amendment. REPORTER.