*W. L. Scott* and *D. W. Wear*, for plaintiffs in error.
*W. B. Homer* and *L. B. Kellogg*, for defendant in error.

---

## CHAPIN *v.* WALKER *et al.*

(*U. S. Circuit Court, District of Kansas—November Term, 1880.*)

1. AFFIRMATIVE RELIEF IN EQUITY—CROSS-BILL. It is well settled that any affirmative relief sought by a defendant in an equity suit must be by cross-bill, and can never be granted upon the facts stated in the answer.

2. TITLE CANNOT BE INVESTIGATED IN A SUIT TO FORECLOSE A MORTGAGE. According to the practice which prevails in the federal courts, in a suit to foreclose a mortgage, the mortgagee's title will not be investigated. Such title must be investigated in a court at law.

This is a bill in equity to foreclose a mortgage executed by respondent Dempsey R. Walker to John C. Burrage, conveying certain real estate to secure the payment of a promissory note. The bill alleges default in the payment of said note; that complainant is the holder and owner of the same, and entitled to foreclosure; and that the other respondents, including A. A. Brockway, have, or pretend to have, some claim to, interest in,

or lien upon, said mortgaged premises; but that said claim, interest or lien is subsequent and subordinate to the lien of complainant.

The answer of respondent Brockway alleges, that on the 13th day of January, 1876, the date of complainant's mortgage, as set out in his bill, the said property described in his said mortgage as (describing it) was owned by, and the title was in the government of, the United States, and that the same was then, and for a long time afterwards, a part of the public lands of the United States; and that neither at the date of the said mortgage, nor at any time since, has the said Dempsey R. Walker (the mortgagor) had any title or interest in said real estate, and that neither the complainant nor his assignor took any interest in, or lien on, said real estate, by virtue of the said mortgage set out in complainant's bill.

It is further alleged that, on the 26th day of March, 1877, one Nicholas Walker entered the land in controversy, and received a patent therefor from the United States, and that he afterwards executed to the said respondent Brockway a mortgage upon the same, which he still holds unsatisfied. The prayer of the answer is, that complainant's mortgage may be declared void and held for naught, and that respondent's lien be declared a first and prior lien on said land.

McCRARY, Circuit Judge.

There are several objections to granting the relief sought by the respondent.

1.　In the first place, if he were entitled in this case to that relief, it would be necessary for him to seek it by a cross-bill. It is well settled that any affirmative relief sought by a defendant in an equity suit must be by cross-bill, and can never be granted upon the facts stated in the answer. Story's Eq. Pleadings, Redfield's edition, Sec. 398 A.; *McConnell* v. *Smith*, 23 Ill., 611; *Armstrong* v. *Pierson*, 5 Iowa, 317.

2.　It is also well settled that, according to the practice which prevails in the federal courts in a suit to foreclose a mortgage, the mortgagee's title must be investigated at law. In a foreclosure proceeding, the court will not inquire what interest the mortgagee has in the mortgaged premises. 2 Jones on Mortgages, Sec. 1482; *Bull* v. *Meloney*, 27 Conn., 560; *Palmer* v.

*Mead*, 7 Conn., 149; *Hill* v. *Meeker*, 23 Conn., 592; *Williams* v. *Robinson*, 16 Conn., 517; *Dial* v. *Reynolds*, 96 U. S., 340.

In the last named case the Supreme Court, per Swaine, Justice, say: "It is well settled that, in a foreclosure proceeding, the complainant cannot make a person who claims adversely to both the mortgagor and mortgagee a party, and litigate and settle his right in that case. Barbour, Parties in Equity, 493, and the cases there cited."

In *Hill et al.* v. *Meeker, supra*, it appeared that the title of the mortgagee to one of several tracts of land embraced in the mortgage was denied. The case was exactly analogous to the one at bar, and the court held that the complainant could take the decree of foreclosure, leaving the parties at liberty to litigate the title in an action at law.

The decree in this case will be modified so as to provide that said decree, and the sale thereunder, shall be without prejudice to the right of the respondent Brockway, by proper legal proceedings, to contest the legal title to the land described in the answer as claimed by him.

*Brown & Campbell*, for complainant.

*Webb & Glasse* and *T. C. Corey*, for respondent Brockway.

