## CHAPIN v. WALKER and others.

(*Circuit Court, D. Arkansas.* ——, 1881.)

1. AFFIRMATIVE RELIEF IN EQUITY—CROSS-BILL.
 Any affirmative relief sought by a defendant in an equity suit must be by cross-bill, and can never be granted upon the facts stated in the answer.

2. BILL TO FORECLOSE MORTGAGE—MORTGAGEE'S TITLE CANNOT BE QUESTIONED.
 According to the practice which prevails in the federal courts in a suit to foreclose a mortgage, the mortgagee's title cannot be questioned : it must be investigated at law.

3. STATEMENT OF CASE—DECREE.
 The answer of a respondent to a bill in equity to foreclose a mortgage denied the complainant's title, set up an adverse title as mortgagee, and prayed that complainant's mortgage be declared void, and that the respondent's lien be declared a first and prior lien on said land. *Held*, that the title of complainant could not be questioned in the proceedings to foreclose, but the decree in this case would be modified so as to provide that the decree and sale thereunder should be without prejudice to respondent's right to contest the title to the land in question by an action at law.

 In Equity.

This is a bill in equity to foreclose a mortgage executed by respondent Dempsey R. Walker to John C. Burrage, conveying certain real estate to secure the payment of a promissory note. The bill alleges default in the payment of said note; that complainant is the holder and owner of the same, and entitled to foreclosure; and that the other respondents, including A. A. Brockway, have, or pretend to have, some claim to or interest in or lien upon said mortgaged premises; but that said claim, interest, or lien is subsequent and subordinate to the lien of complainant. The answer of respondent Brockway alleges that "on the thirteenth day of January, 1876, the date of complainant's mortgage, as set out in his bill, the said property described in his said mortgage as [describing it] was owned by and the title was in the government of the United States, and that the same was then, and for a long time afterwards, a part of the public lands of the United States; and that neither at the date of the said mortgage, nor at any time since, has the said Dempsey R. Walker, the mortgagor, had any title or interest in said real estate, and that neither the complainant nor his assignor took any interest in or lien on said real estate by virtue of the said mortgage set out in complainant's bill." It is further alleged that on the twenty-sixth day of March, 1877, one Nicholas Walker entered the land in controversy, and received a patent therefor from the United States, and that he afterwards executed to the said respondent Brockway a mortgage upon the same, which he still holds unsatisfied. The prayer of the answer is that complainant's mortgage may be declared void and held for naught, and that respondent's lien be declared a first and prior lien on said land.

*Brown & Campbell,* for complainant.

*Webb & Glasse* and *T. C. Corey,* for respondent Brockway.

McCrary, C. J. There are several objections to granting the relief sought by the respondent.

1. In the first place, if he were entitled in this case to that relief, it would be necessary for him to seek it by a cross-bill. It is well settled that any affirmative relief sought by a defendant in an equity suit must be by cross-bill, and can never

be granted upon the facts stated in the answer.   Story's Equity Pleading, (Redfield's Ed. ) § 398*a*; *McConnell* v. *Smith*, 23 Ill. 611; *Armstrong* v. *Pierson*, 5 Iowa 317.

2. It is also well settled, that, according to the practice which prevails in the federal courts in a suit to foreclose a mortgage, the mortgagee's title cannot be questioned.   The question of title must be investigated at law.   In a foreclosure proceeding the court will not inquire what interest the mortgagee has in the mortgaged premises.   2 Jones on Mortgages, § 1482; *Bull* v. *Meloney*, 27 Conn. 560; *Palmer* v. *Mead*, 7 Conn. 149; *Hill* v. *Meeker*, 23 Conn. 592; *Williams* v. *Robinson*, 16 Conn. 517; *Dial* v. *Reynolds*, 96 U. S. 340.

In the last-named case the supreme court, per *Swayne*, J., say: "It is well settled that in a foreclosure proceeding the complainant cannot make a person, who claims adversely to both the mortgagor and mortgagee, a party, and litigate and settle his right in that case.   Barbour, Parties in Equity, 493, and the cases there cited."

In *Hill* v. *Meeker, supra*, it appeared that the title of the mortgagee to one of several tracts of land embraced in the mortgage was denied.   The case was exactly analogous to the one at bar, and the court held that the complainant could take the decree of foreclosure, leaving the parties at liberty to litigate the title in an action at law.

The decree in this case will be modified so as to provide that said decree, and the sale thereunder, shall be without prejudice to the right of the respondent Brockway, by proper legal proceedings, to contest the legal title to the land described in the answer as claimed by him.