ISABELLA M. PETTUS ET AL. vs. LEONARD GAULT ET AL.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, REED and BENNETT, Js.

The voluntary filing of an amended or substitute answer, after the first one has been adjudged insufficient on demurrer, operates as a waiver of the defendant's right to challenge the correctness of such adjudication.

An order of court requiring any further answer to be filed within a limited time, imposes no obligation upon the defendant to file such answer, but merely cuts off his right to do so after the time limited has expired; and therefore if he sees fit to file one, his act in so doing is purely voluntary.

A mortgagee's interest in land cannot be attached or set off on execution, nor can it be reached and appropriated through the medium of a judgment lien and its foreclosure; and therefore a decree purporting to foreclose such a lien is of no avail to transfer the mortgagee's interest to the foreclosing creditor.

The legal title to a promissory note and its mortgage security, owned by a wife married between 1849 and 1877, vests in her husband as her statutory trustee (General Statutes, § 4541), and after his death merges with her equitable title whereby she then becomes the absolute owner of the property.

An assignment of such a note by the wife during her husband's lifetime, if ineffectual to transfer a valid title to the assignee, may nevertheless be ratified and confirmed by her after her husband's death; and in any event, the right to challenge the validity of such assignment is one which she alone can exercise.

A mortgage is a mere incident to the debt which it secures, and therefore the bona fide assignee of an unpaid note secured by a mort-

gage acquires an equitable title to the security, whether that be in his hands or elsewhere.

In a suit by the assignee of the note to foreclose such security, the answer admitted the giving of the mortgage, its terms and its record, as alleged, although neither the instrument itself nor a copy of it was produced, nor was any evidence offered that it had ever been in the hands or possession of the plaintiff, or that it was in existence at the time of the alleged assignment of the debt to the plaintiff. *Held* that under these circumstances there was a presumption of the continued existence of the mortgage, sufficient for the plaintiff's purpose, in the absence of any evidence to the contrary.

Argued November 4th—decided December 18th, 1908.

SUIT to foreclose a mortgage of real estate and obtain possession of the mortgaged premises, brought to the Superior Court in New Haven County where demurrers to parts of the answer and amended answer were sustained (*Roraback* and *Case, Js.*), a part of the amended answer was stricken out (*Thayer, J.*) on motion, and the cause was afterward tried to the court, *Gager, J.;* facts found and judgment rendered for the plaintiffs, from which the defendant Gault appealed. *No error.*

William Burr Wright, in his lifetime, received, from the then owners of the land described in the complaint, the note and mortgage, also described in the complaint. The note was given to evidence an indebtedness and the mortgage as security therefor. His daughter, the defendant Mary E. Wright Smith, on May 16th, 1887, became the owner of this note and mortgage, which continued to be hers until October 12th, 1900. She was, during all this period, a married woman living with her husband, to whom she was married prior to 1877. He died on or about January 9th, 1901. On October 12th, 1900, Mrs. Smith, for value received, assigned and transferred her interest in the note to the plaintiffs, who are now the good faith owners thereof. The mortgage was not delivered to the plaintiffs and they never had possession of it, and Mr. Smith did not join in the assignment.

In the course of events one Mary E. Schofield died in December, 1898, possessed of the equity in the mortgaged premises. Pursuant to a provision of her will, its executor conveyed this equity to the Hill and Hubbell Lumber Company, April 27th, 1899, and shortly thereafter this company conveyed all its right, title and interest in the premises to the defendant Gault.

The defendant Gault filed an answer containing two defenses and a counterclaim. The second of these defenses asserted that on December 28th, 1898, said Lumber Company commenced an action returnable to the Town Court of Norwalk against Mrs. Smith, and placed an attachment therein on her right, title and interest in the mortgaged premises; that subsequently the Company had judgment for $180 damages and $30.15 costs; that February 9th, 1899, the Company, for the purpose of securing this judgment, filed a judgment lien upon the premises; that February 15th, 1899, proceedings for the foreclosure of this lien were begun in said Town Court, Mrs. Smith and the equity owners being made parties; that judgment of foreclosure was subsequently rendered and times limited for the several parties to redeem; that no one redeemed within the times so limited, the last of which was fixed at April 26th, 1899; that on April 28th, 1899, a foreclosure certificate was filed of record; that thereafter, to wit, on May 6th, 1899, the Company conveyed the premises to the defendant Gault by a warranty deed; that the title thereupon became perfect in Gault as the absolute owner of the premises, and that the alleged assignment to the plaintiffs was subsequent to all these transactions.

This defense was successfully demurred to. A substitute answer was then filed, which was in turn demurred to. This demurrer was sustained as to the second and third defenses.

Upon the trial neither the mortgage nor a copy was offered in evidence, and no evidence was presented to show

that the mortgage had been lost or destroyed, or what disposition had been made of it.

The defendant Gault alone filed an answer. Mrs. Smith, the only other defendant, made default of appearance.

*Edward M. Lockwood,* for the appellant (defendant Gault).

*John O'Neill,* for the appellees (plaintiffs).

PRENTICE, J. The first assignment of error charges that there was error in sustaining a demurrer filed to the second defense of the original answer of the defendant Gault. For this answer, in its entirety, another was later substituted, which in its turn was demurred to. When a defendant voluntarily files an amended or substitute answer after a former one has been adjudged insufficient on demurrer, he waives all right to except to the action of the court in sustaining the demurrer to the first answer. *Mitchell* v. *Smith,* 74 Conn. 125, 128, 49 Atl. 909; *Burke* v. *Wright,* 75 Conn. 641, 643, 55 Atl. 14. The defendant contends that his action in filing the substitute answer was not voluntary, but in compliance with an order of court. It appears that after the second defense and counterclaim contained in the original answer had been held insufficient, the plaintiffs placed upon the short calendar a motion for answer to paragraphs of the complaint standing unanswered, and the court granted the motion and ordered that an answer be filed within two weeks. As the first defense either admitted or denied all the allegations of the complaint, it does not appear what the reason or purpose of the motion was, unless it was prompted by a desire to expedite the filing of any additional defense the defendant might wish to avail himself of. But however this might be, the so-called order was in no sense a command to the defendant that he answer further. He was left at perfect liberty to do so or not, as he chose. The only compulsion that he was placed under was to file

any additional answer that he wished to incorporate in his pleadings, within the time specified, if he did not wish his right to answer further cut off. The order was nothing more than a limitation of time, and in all respects save as to the matter of time he remained as free to act his will after as he was before it was made. His election to file an amended answer was in the fullest sense a voluntary act on his part, carrying with it the waiver of all right to challenge the correctness of the ruling of the court upon the demurrer to the superseded pleading.

But this defendant, by the operation of this rule, has not been deprived of any substantial benefit. The Hill and Hubbell Lumber Company, to whose rights he has succeeded, acquired, upon the facts pleaded in the first answer, no interest in the property in question, either by the attachment attempted to be made in its action against Mary E. Wright Smith, or by the judgment lien which was filed. Mrs. Smith had no other title or interest in the property than as mortgagee. Such an interest in lands cannot be attached or set off on execution; *Huntington* v. *Smith,* 4 Conn. 235, 237; *McKelvey* v. *Creevey,* 72 id. 464, 467, 45 Atl. 4; neither can it be reached by a judgment lien. General Statutes, § 4151.

The judgment of the Town Court of Norwalk, purporting, upon the complaint of the Lumber Company, to foreclose the judgment lien, although Mrs. Smith was made a party to the proceedings, was not effectual, as claimed, to establish in the Company, as *res adjudicata,* a title to her mortgage interest which had not become subject to the lien foreclosed. It is doubtless true that the title of a mortgagee may, to a certain extent and for certain purposes, become the subject of inquiry and decision in foreclosure proceedings. *Cowles* v. *Woodruff,* 8 Conn. 35, 38; *Frink* v. *Branch,* 16 id. 260, 268; *Bull* v. *Meloney,* 27 id. 560, 562; *Middletown Savings Bank* v. *Bacharach,* 46 id. 513, 526; *DeWolf* v. *Sprague Mfg. Co.,* 49 id. 282, 306. It is unnecessary, for the

purposes of this case, to analyze these cases and the prior ones of *Broome* v. *Beers*, 6 Conn. 198, and *Palmer* v. *Mead*, 7 id. 149, expressing different views, to determine the precise state of our law upon this subject. It is sufficient for present purposes that such proceedings do not have for their purpose the settlement of disputed titles, and are not appropriate to that end. *Cowles* v. *Woodruff*, 8 Conn. 35, 37. They are instituted to enable a mortgagee or lienor to cut off equities of redemption, and thus bring reinforcement or perfection to his incomplete title. *Bull* v. *Meloney*, 27 Conn. 560, 562. Such investigation into the title of the mortgagee or lienor as is permissible is one which is incidental to the main object of the proceedings. It is recognized that the assumed status of the foreclosing mortgagee or lienor is one which ought to be open to inquiry if judicial proceedings are not to be trifled with, but the issue is not necessarily presented and is not to be regarded as necessarily adjudicated. All that the cases recognize is that the title *may* be made the subject of investigation, for proper purposes. *Frink* v. *Branch*, 16 Conn. 260, 268; *DeWolf* v. *Sprague Mfg. Co.*, 49 id. 282, 306, 307. In the foreclosure in question, the then plaintiff had nothing in the way of title or interest to perfect. The judgment of the court limiting a time for the exercise by Mrs. Smith of a right to redeem was but a barren ceremony. "A decree in favour of a party, without interest in the subject to be affected, would be useless." *Frink* v. *Branch*, 16 Conn. 260, 268.

The appealing defendant complains of the action of the court in rendering a judgment of foreclosure, notwithstanding it appeared that the plaintiffs had no other title to or interest in the mortgage note and security than that derived from an assignment and transfer, for value, from a married woman married prior to 1877, and at the time of the transaction living with her husband. The right of the defendant to thus challenge the plaintiffs' right to prosecute their action has already been noticed. The challenge

in this case was not, however, well made. It is not distinctly found whether Mrs. Smith, the transferer of the note, was married before or after 1849. The presumed intent of the finding, however, is that her married status and property rights are to be determined by the law as it was during the period of nearly thirty years which immediately preceded 1877. By that law the legal title to Mrs. Smith's personal estate, there being nothing to show that it was her sole and separate estate, vested in her husband as trustee. General Statutes, § 4541. This note and its security is to be regarded as personal estate. *Waterbury Savings Bank* v. *Lawler*, 46 Conn. 243, 245; *McKelvey* v. *Creevey*, 72 id. 464, 467, 45 Atl. 4. The equitable title was in Mrs. Smith. *Belden* v. *Sedgwick*, 68 Conn. 560, 566, 37 Atl. 417. Upon the death of Mr. Smith in 1901 the trust terminated and the legal title to all of Mrs. Smith's personalty vested in her, thus merging the legal and equitable estates and making her its absolute owner. *Connecticut T. & S. D. Co.* v. *Security Co.*, 67 Conn. 438, 442, 35 Atl. 342. Whatever title or interest in the note and its security, which Mrs. Smith undertook to transfer to these plaintiffs, failed to pass to them by virtue of the transfer, thus became, upon the death of her husband, vested in her without restraint upon her power of dominion and control over them on the part of anybody. If it be assumed, therefore, that her original assignment was ineffectual to carry a good title to these plaintiffs, and that she would not be estopped from questioning that title, it certainly was in her power, after her husband's death, to confirm and ratify, either expressly or by conduct, the transfer she had previously attempted to make, and it is still in her power so to do. In any event, the right to challenge the validity of the assignment and transfer was and is one personal to her, and no other person is in a position to do so. She is a party defendant to this action. She has not chosen to question the title of these plaintiffs to the note and security sought to be

enforced. On the contrary, she has chosen to remain silent and acquiesce in the validity of the title she attempted to give. The defendant Gault has no standing to act for her, or to assert rights which are hers alone.

The defendant, in his last reason of appeal, charges that there was error in rendering the judgment of foreclosure, when the mortgage or a copy thereof had not been produced at the trial, no evidence offered that the mortgage had ever been in the hands or possession of the plaintiffs, and no proof produced of the existence of the mortgage at the time of the alleged assignment to the plaintiffs. The mortgage, which the answer admits to have been given to secure the payment, according to its tenor, of the note described in the complaint, and to have been duly recorded, was only an incident to the debt, from which it could not be detached and distinct from which it had no determinate value, and the holder or assignee of it must hold it at the will and disposal of the creditor. *Huntington* v. *Smith,* 4 Conn. 235, 237; *Chamberlain* v. *Connecticut Central R. Co.,* 54 id. 472, 484, 9 Atl. 244. This mortgage, therefore, whether the instrument which created it continued in Mrs. Smith's custody, or passed into other hands, or had been destroyed, remained, until lawfully discharged, security for the note in suit after the plaintiffs received it; and when the plaintiffs established their ownership of it and satisfied the court of its nonpayment, their right to avail themselves of such security as the mortgage afforded was sufficiently established. See General Statutes, § 4127. As the answer admitted the giving of the mortgage, its terms and its record, a presumption arose that the condition thus created continued to exist. This presumption was sufficient for the plaintiffs' purpose until something to indicate the contrary appeared. *Gray* v. *Finch,* 23 Conn. 495, 513.

There is no error.

In this opinion the other judges concurred.