[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR DETERMINATION OF PRIORITIESAND SUPPLEMENTAL JUDGMENT #127
Before the court is a motion for determination of priorities and supplemental judgment filed by Wilshire Credit Corporation. This motion arises from a foreclosure action in which the court ordered a judicial sale of unit #60. At issue is whether Wilshire Credit or Premier Capital has priority to the remaining proceeds of the sale. It is not in dispute that Premier Capital was assigned a promissory note as to unit #59. As Premier Capital emphatically attests, attached to this note was a mortgage describing unit #60. Conversely, Wilshire Credit was assigned a promissory note to unit #60. Attached to Wilshire's note was a mortgage referencing unit #59.
Premier contends that the note describing unit #59 was secured by a mortgage to unit #60. As such, Premier claims that it has a superior or equivalent right to the proceeds. In the alternative Premier requests reformation of its promissory note or an equitable apportionment of the proceeds. Wilshire Credit argues that it has priority because the note to unit #60 enjoys the benefit of the security for such note.
A mortgage to secure the payment of a note is only an incident to the debt, from which it can not be detached and distinct from which it has no determinative value, and the holder or assignee of the mortgage must hold it at the will and disposal of the note's creditor. Pettus v. Gault, 81 Conn. 415, 422,71 A. 509 (1908). The mortgage remains security for the note whether the mortgage continues in the custody of the note's creditor, or passes into other hands, or has been destroyed. Id. CT Page 248
Accordingly, Wilshire Credit, as the creditor of the promissory note for unit #60, is entitled to the security for such note regardless of the fact that the mortgage to unit #60 is in Premier's possession. Thus, Wilshire Credit has priority to the proceeds of the sale. Supplemental judgment is entered in accordance with this decision.
HON. WALTER M. PICKETT, JR. State Judge Referee