ute of Elizabeth, of which ours is a transcript, has existed about 250 years, and was in affirmance of the common law. Many fraudulent conveyances have doubtless been made since, in Great-Britain; but never was an action of this kind brought into Westminster-Hall.

BY THE COURT,

The judgment was affirmed.

1804.

SMITH
v.
BLAKE.

## Lewis v. Martin.

### In the Court below,

HENRY MARTIN and MARY his wife, *Plaintiffs ;* JOHN
LEWIS, *Defendant.*

THIS was an action of account, brought, in the County of Windham, upon the statute relative to auditors and actions of account, stating, that *Mary Martin,* one of the defendants, and *Henry Martin, in right of his said wife,* were seized and possessed of two thirds of an undivided tract of land in the *Town of Union,* in the *County of Tolland ;* and the defendant was seized of the other undivided third part of said land, as tenant in common with the plaintiffs, and the defendant had cut and carried away trees from said land, and refused to account with the plaintiffs for two thirds of the profits, or any part thereof, &c. The plaintiffs were described as of Woodstock, in *Windham County,* and the defendant as of Ellington, in *Tolland County.*

To this action there was a plea in abatement :

1. That the action was brought for facts alleged to have been done in the County of Tolland, concerning

Husband and wife may join in an action of account, for rents and profits of the wife's lands, arising during the coverture.

And such action may be brought in the county where the plaintiffs live, although the land lies in another county.

1804.

LEWIS
v.
MARTIN.

which the title of land *may be*, and *is*, in question, whereof the Court of Common Pleas in *Tolland County* have *original* and *exclusive* jurisdiction.

2. That the action ought to have been brought in the name of *Henry Martin only*, for rents and profits of the wife's land, during *the coverture*.

This plea in abatement was adjudged to be insufficient; and after judgment upon the merits against *Lewis*, he brought a writ of error, and assigned for cause of error, that said plea in abatement ought to have been adjudged sufficient.

*Peters*, for the plaintiff in error.

1. The action should have been brought in the County of Tolland, as the title of land may be, and is, in question. The statute is "that all suits brought for the trial of the " title of land, or wherein the title of land is concerned, " shall be tried in the same county where the land lies, or " facts are done, concerning which the title of land may " be in question." (a)

In actions of ejectment, the title is not necessarily involved; but the words of the statute are conclusive, as to cases where the title of land *may be* in question.

2. The rent of the wife's land during coverture is vested in the husband, and upon his death, goes to his representatives. (b) The account must, therefore, be rendered to him, and not to the wife. As the right of action

(a) *Stat.* 26.
(b) 2 *Root* 359, *Chauncey* v. *Strong.* 4 *Term Rep.* 616, *Ankerstein* v. *Clarke.*

would not survive to the wife, she may not join in the suit. (c)

*Backus*, (of Pomfret) for the defendant in error.

The statute applies only to those cases, where the title of land is *definitely* in question,—where it is to be *settled*. In actions of *assumpsit* for rent, it *may* be in question. Here, there is no plea of title ; nothing appears upon the record, to show that the title is in question ; nothing but a statement of the party, that it may be, and is, in question.

2. To show, that the wife may be joined in the suit he cited, *Aleberry* v. *Walby*, (d) *Bidgood* v. *Way*, (e) *Esp. Dig.* 127, (f) *Brashford* v. *Buckingham*, (g) *Prat* v. *Taylor*, (h) and *Trigmiell* v. *Reeve*. (i)

BY THE COURT, The judgment was affirmed.

(c) 1 *Salk.* 114, *Buckley* v. *Collier.*  (d) 1 *Stra.* 229.
(e) 2 *Bla. Rep.* 1239.  (f) *Dub. Edit.* 1794.
(g) *Cro. Jac.* 77.  (h) *Cro. Eliz.* 61.
(i) *Cro. Car.* 438.