Cowles and others *against* Woodruff and others.    *Hartford,*
June, 1830.

Usury may be shewn as a defence to a bill of foreclosure.

THIS was a bill in chancery to foreclose certain mortgaged
premises ; tried in the superior court, held, at *Hartford, Feb-
ruary* term, 1830, by *Bissell, J.*

To this bill the defendants pleaded usury, and offered evi-
dence of certain facts tending to shew usury, as stated in their
plea.    To the admission of this evidence the plaintiffs objected ;
and it was rejected by the court.    The plaintiffs having obtain-
ed a decree in their favour, the defendants moved for a new
trial, on the ground of such decision.

The case was now submitted, on the briefs of counsel, with-
out argument, by

*W. W. Ellsworth*, in support of the motion ; and by

*Pitkin* and *J. Griswold*, contra.

WILLIAMS, J.    By our statute, all usurious contracts,—and
*mortgages* are particularly named,—are declared to be utterly
void.(a)    The defendants to this bill have pleaded, that this is
a contract of that description, and so is utterly void.    Upon this
simple statement it would seem very difficult to say, that their
proof should not be heard ; and if they proved their allegation,
that they should not have the benefit of this statute intended
for their protection.

To this it is said, that they are entitled to such protection ;
but it must be in another mode : it may be allowed when
ejectment is brought for the land, or an action is commenced
on the note.    But the plaintiffs may be, and perhaps in this ve-
ry case are, in possession under some satisfied mortgage : of
course, they cannot bring ejectment, and will not bring a suit
on the note.    Are not the defendants deprived entirely of the
benefit of the statute ?    It is true, they may bring a bill to re-

(a) The words of the statute referred to, are :    "All bonds, contracts,
mortgages and assurances whatever, made for the payment of any prin-
cipal or money lent, or covenanted to be lent, upon or for usury, where-
upon or whereby there shall be reserved or taken above the rate of six
dollars for the hundred, for a year, shall be utterly void."    *Stat.* 476.
*tit.* 106. *s.* 1.

Cowles
*v.*
Woodruff.

*Hartford,*
June, 1830.

Cowles
*v.*
Woodruff.

deem ; but it is equally true, that by the rules which prevail in a court of chancery, they cannot have the full benefit of the statute ; for it is a well known principle, that a court of chancery will not suffer a party to redeem, except upon payment of the money actually advanced. In such a case, therefore, a deed declared to be *utterly void*, is made effectual to a certain extent, although the party claims the benefit of the statute. A decent respect for the legislature would make me hesitate, before I adopted a construction, which might lead to such a result. The court is bound to adopt such a construction as will give entire effect to the statute ; and as the construction claimed by the plaintiffs, will, in certain cases, leave it at their option, by a choice of remedies, to deprive the defendants of the full benefit of that statute, I do not feel authorized to accede to it. If the plaintiffs in their bill had stated, that this mortgage was given for an usurious consideration, or that the contract was made in this form to evade the statute, would a court of chancery aid them in carrying it into effect ? Chancery will always refuse its aid in enforcing a hard, unconscionable or griping bargain ; and is the reason less strong, that there is superadded legislative provision declaring it utterly void ?

Could the court aid a plaintiff in carrying into effect a contract, which he shews to be founded upon a gross violation of law ? And if, in such a case, the court would not interfere, why may not the defendants be permitted to shew the same facts ? Ought the plaintiffs to gain an advantage, by stating only a part of the case ? They have, indeed, shewn a *prima facie* case ; but like all other cases of that description, its character may be changed, by a disclosure of the real state of facts.

It is said, that the title connot be investigated in this suit. It is no more investigated, than when it is claimed, that the party was an infant, or a lunatic or under duress. And the title is, in some measure, investigated, whenever the plaintiff is called upon to prove the execution of his deed. That this is not the principal object of a bill of foreclosure, I grant. I do not intend to examine the question how far title may be investigated, particularly ; but refer to the able discussion of that subject in *Palmer* v *Mead,* 7 *Conn. Rep.* 149. confining myself to the precise question whether *usury* can be proved. In *De Butts* v. *Bacon* & al. 6 *Cranch,* 252. before the supreme court of the *United States,* this was allowed. The principle was al-

so recognized by Chancellor *Kent*, in *Fanning* v. *Dunham*, 5 *Johns. Chan. Rep.* 122. 142. It was also decided in the same manner, by the circuit court in this district, in *Lyman* v. *Austin*, in 1816. Judge *Swift*, too, in one instance says, that " where the obligation secured by mortgage, is void by the statute of usury, this will constitute a defence against a bill to foreclose." 2 *Swift's Dig.* 197. If, as I believe, Judge *Swift* is speaking of the rule in *England*, we find nothing to oppose this defence, except our own decisions ; and, it is believed, that this precise point has never been decided in this Court.

Hartford,
June, 1830.

Cowles
*v.*
Woodruff.

It must, however, be considered as settled, in this state, that a bill of foreclosure need not be brought in the county where the land lies ; and I am not disposed to disturb it. It has been doubted whether the statute on that subject applies to any other than actions at law. Whether that be so or not, I do not think it reaches this case. The statute is : " All suits wherein the title of land is to be tried and determined, and all actions of trespass *quare clausum fregit*, shall be brought and tried in the county where the land lies." *Stat.* 41. *tit.* 2. *s.* 21. That this does not apply to all suits where the title of land may be and is in question, was decided, by the supreme court of errors, in an action of account for the rents and profits of land, brought in a county other than that where the land lay. A plea to the jurisdiction was interposed, averring, that the title of land might be and was in question ; but the plea was overruled. *Lewis* v. *Martin*, 1 *Day*, 263. It would seem, therefore, that the statute applies to those cases which may be considered *appropriate* for the trial of the title ; especially, as we find actions of *trespass* explicitly mentioned. It is believed, therefore, that this class of cases will not affect the decision of the case under consideration.

But it is said, that we have a course of decisions in our own courts on this subject. It is true, that the question has often been decided in the superior court. But when I have witnessed our superior court so deciding, and in the same place, and in the same month, the circuit court of the *United States* deciding the same question in a manner directly the reverse, I have been led to consider it as one of those cases, which, with peculiar propriety, may be reviewed by this Court.

The case of *Owen* v. *Granger* is cited as the first case. It was decided in 1802. Upon examination of the records, it appears, that there was a plea in abatement, protesting that the

defendant did not execute the note, and averring that the plaintiff never had any title or claim to the premises; and that respecting any such title or claim of the plaintiff the respondent had a right to a trial by jury. To this plea there was a demurrer; and it was ruled to be insufficient. A plea *in abatement* that the plaintiff could not prove the title he had alleged, could certainly be disposed of in no other way.(*b*) In the course of this trial, the remark was undoubtedly made, that the title could not be investigated; and this seems to have been the foundation of the subsequent decisions of the superior court. Those decisions, though entitled to great respect, are not *of course* the law of this Court. Where titles to property have been acquired under such decisions, I should be very reluctant to disturb them. But when they concern only a rule of practice in administering justice, there seems no good reason why this Court, when first called upon, should not adopt the correct rule. And no case in this Court, involving this question, has ever been decided. The case of *Palmer* v. *Mead* is, indeed, in principle nearly allied to this; but decided, as it was, by a divided opinion, I cannot consider it as an authority for this case. I think, then, it is the duty of this Court to adopt such a rule as will give the statute a full and free operation, and as will conform to the general principles of law in other cases.

But further; I think the evidence admissible on another ground. If the defendants might not prove that nothing was due, because the note and deed were void, they may prove, even upon the principles of those who deny their right to investigate title, that less is due upon the debt than is claimed. " The actual state of things between the mortgagor and mortgagee in relation to the lien of the latter upon the land, must be brought into view, and ascertained from testimony in court." *Baldwin* v. *Norton*, 2 *Conn. Rep.* 165. Uusury, then, being pleaded, the defendant may certainly be permitted to shew, that a part of the note is for interest over and above the lawful interest; and a court of equity, under such circumstances, would say, that if the defendant should pay all the money advanced and legal interest, he should not be foreclosed.

I am, therefore, of opinion, that the evidence should have been admitted, and advise a new trial.

(*b*) There was another cause of abatement, but not connected with this question.

The other Judges were of the same opinion. HOSMER, Ch. J. however, remarked, that he was not prepared to say, that the decision in *Palmer* v. *Mead* was wrong.

New trial to be granted.