### ZELIA HAWKINS v. WILLIAM JAMES.

1. EVIDENCE. *Relevancy. Collateral facts.*

    Evidence of collateral and inconclusive facts, not pertinent to the real issue, is inadmissible, although it might tend to corroborate the testimony of a witness by showing its probability.

2. SAME. *Collateral fact. Case.*

    Accordingly, where the sole issue is whether defendant had, by written contract, become tenant of plaintiff, it is not competent for defendant to show that, before the time of the alleged contract, defendant was in possession of the land under an executory contract of purchase from plaintiff's vendor.

FROM the circuit court of Adams county.

HON. W. P. CASSEDY, Judge.

William James, the appellee, made affidavit before a justice of the peace, under § 1333, code 1880, that Zelia Hawkins, his tenant, was holding over and refusing to deliver possession of the leased land after the termination of her tenancy; and, upon such affidavit, sought to recover the premises and terminate the tenancy. A judgment by default was rendered in the justice's court in favor of the plaintiff, but defendant appealed to the circuit court.

On the trial plaintiff introduced in evidence and relied on a written lease from him of the land for 1890, signed by Zelia Hawkins with her mark, and introduced the attesting witness, who testified that it was executed according to its tenor.

Defendant, as a witness for herself, denied that she ever signed that or any other lease. Her counsel then sought to show by her that she had been in possession of the land for many years prior to plaintiff's purchase thereof, and had contracted with the former owner for the purchase of the land, paying him a part of the purchase-money in cash, and executing notes for the deferred payments, and had procured a receipt which stated the terms of the sale, and obligated such owner to execute to her a deed when the balance should be paid. This evidence was excluded by the court, and its action is assigned for error, and presents the only point passed on by the court. Judgment for plaintiff, and defendant appeals.

*James G. Leach*, for appellant.

The question involved was whether appellant was in possession as tenant or as purchaser and owner. The objection to the evidence offered to prove her ownership was that a tenant cannot dispute his landlord's title. But the evidence was to show that she was not the tenant. By excluding the evidence, the court assumed as true the fact controverted.

*Ernest E. Brown*, for appellee.

The sole question before the jury was whether Zelia Hawkins signed the lease. If she did, she could not dispute the appellee's title. It does not matter how the tenant originally entered. His subsequent recognition of the tenancy estops him to deny the title of the landlord. 28 Miss., 118; 61 Tex., 674.

COOPER, J., delivered the opinion of the court.

The evidence offered by the defendant and excluded by the court was irrelevant, and its exclusion proper. The question at issue was, whether the defendant had become tenant to the plaintiff by executing a written contract to pay rent for the year 1890. She denied that she had done so, while the plaintiff asserted that she had.

The fact that, at and before the date of the supposed contract, she was in possession of the land under an executory contract of purchase, did not tend to prove or disprove the issue joined. Its only effect, if proved, would have been to corroborate the testimony of the defendant by showing its probability; but this alone does not make it relevant. 1 Greenl. on Ev., 59; 1 Phillips on Ev., Ch. 10, § 3, and notes by Cowan & Hill and Edwards.

In *Hale* v. *Hills*, 8 Conn., 38, the issue was whether one Israel Hills had, on August 27, 1827, delivered to the defendant a deed, dated June 27, 1826. It was held incompetent to show that, a few days before the date of the supposed delivery, the defendant had broken open the trunk of Israel Hills and taken therefrom the deed and sundry other papers; and that, upon defendant's presenting these papers to the grantor, he ordered the defendant " to put them back into the trunk, and not to meddle with them again."

There are some cases to be found in which evidence but slightly tending to prove the issue joined has been admitted, but it will be found that in these the testimony has been relevant, and the objection has rather been to its probative force than to its competency. The general rule undoubtedly is that a collateral and inconclusive fact may not be given in evidence.

*Judgment affirmed.*