THE FIRST CONNECTICUT SMALL BUSINESS INVESTMENT COMPANY ET AL. *v.* MARTIN W. HOFFMAN, TRUSTEE IN BANKRUPTCY OF THE ESTATE OF HIGHVIEW ACRES, INC., ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 120547
AT NEW HAVEN

Memorandum filed February 27, 1970

*Burstein, Goldman & Rosen,* of Bridgeport, and *Greenberg, Hurwitz & Licari,* of New Haven, for all plaintiffs.

*Kotchen & Esoian,* of Hartford, for the defendant Middletown Builders Supply and Fuel Corporation.

*Daggett, Colby & Hooker,* of New Haven, for the defendant The George C. Field Company.

*Dudley & Cox,* of Guilford, for the defendants The Branford Plumbing and Heating Company, Inc., First Federal Savings and Loan Association of Madison, and Anthony Corrone.

*Glen F. Rupprecht,* of Madison, for the defendant The Tuxis Lumber Company.

*Burnham & Kinsley,* of Clinton, for the defendants Shoreline Concrete Company, Inc., and Melanson Construction Company, Inc.

*Goldman, Melnick & Williams,* of New Haven, for the defendant First New Haven National Bank.

*Richard H. Simons,* of Milford, for the defendants Glenn F. and Arline R. Kommer.

SHEA, J.   The plaintiff First Connecticut Small Business Investment Company held a note in the sum of $250,000 secured by mortgages upon two

pieces of land owned by the maker, one tract being situated in Clinton, Middlesex County, and the other in Madison, New Haven County. Although the towns of Madison and Clinton bound each other, the two parcels of land were not contiguous.

An action to foreclose both mortgages securing the note was brought to the Court of Common Pleas in the county of Middlesex. On August 26, 1968, a judgment of foreclosure by sale was entered and a sale was held in which the plaintiff First Connecticut purchased the Madison property, acquiring title on October 24, 1968, by the deed of a committee approved by the court. On November 5, 1968, the Madison land was conveyed to the plaintiff Bernard Barnett. By a deed dated January 31, 1969, he conveyed the land to the Barnett Development Corporation, which has been added as a party defendant in this action. This corporation has conveyed by warranty deed certain lots situated within the tract to the defendants Kommer, Baker, and Noll and to the plaintiffs Scheifele. The defendant First Federal Savings and Loan Association of Madison holds a mortgage from the Bakers on their lot. The defendant First New Haven National Bank holds a mortgage from the Kommers. The defendant Second National Bank of New Haven holds a mortgage from the Nolls and also a mortgage on various other lots from the Barnett Development Corporation.

A question has been raised by title examiners as to the jurisdiction of the Court of Common Pleas in the county of Middlesex with respect to the Madison land involved in the foreclosure action, for the reason that the land is not situated in Middlesex County but in New Haven County. A declaratory judgment is sought to determine this question, which involves the validity of the foreclosure action in the chain of title.

With respect to the propriety of rendering a declaratory judgment in this matter, the court finds that the conditions required under Practice Book § 309 for such a determination have been satisfied: (1) The plaintiffs First Connecticut and Bernard Barnett, as warranty deed conveyancers in the chain of title, and the plaintiffs Scheifele, as owners of one of the lots in the chain, have "an interest, legal or equitable, by reason of danger of loss or of uncertainty as to . . . rights or other jural relations." Practice Book § 309 (a). (2) There is an "actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties," viz., the validity of the foreclosure action, in this case actively contested by one of the defendants, George C. Field Company, a party to the foreclosure action. Practice Book § 309 (b). (3) The court is not of the opinion that redress should be sought by some other procedure, because no other procedure has been suggested which would be more expeditious or fairer to the parties involved. Practice Book § 309 (c). (4) "[A]ll persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Practice Book § 309 (d).

It appears that all of the parties to the original foreclosure action have been made parties here, and also all persons having an interest in the Madison land which is disclosed by the land records, including encumbrancers. Two persons who are not parties to the action, Frank White and Robert Russo, occupy homes on lots within the tract under agreements for purchase of these houses which provide, in part, that these persons may rescind if the court's determination in this action is adverse to the plaintiffs. It does not appear whether these agreements are in writing so as to be enforceable. In any event, the

court finds that the direct reference to this pending action by the stipulation for rescission contained in the agreements constitutes reasonable notice thereof. The contesting defendant, George C. Field Company, suggests no other persons who might conceivably have an interest in the litigation who are not parties.

The substantive issue raised involves a construction of General Statutes § 52-19, which reads as follows: "JURISDICTION OF FORECLOSURE OR REDEMPTION SUITS. Suits to foreclose or redeem mortgages . . . upon real estate shall be brought and determined in the county or district in which the land is situated. If such real estate is located partly in two or more counties . . . , such suit may be brought in either of such counties . . . ." The defendant George C. Field Company claims that the words "such real estate" in the second sentence of the statute refer only to an entire parcel of land, or contiguous parcels, extending across a county line. It is claimed that the second sentence of this statute should be limited to the situation to which, in actions involving the title to land, a similar statutory exception in § 52-17 is applicable: "LAND LYING IN SEVERAL COUNTIES OR CIRCUITS. Actions involving the title to land, or for trespass to land, when such land consists of an entire tract or farm lying partly in two or more counties, may be brought in either county . . . ." To complete the statutory framework, reference should be made also to the general venue statute, § 52-42: "VENUE FOR CIVIL ACTIONS. Civil actions wherein the title to land is to be tried and determined, and actions for trespass to land, shall be brought and tried in the county . . . within which the land lies . . . ."

The applicability of the statutory progenitor of the quoted portion of § 52-42 was early restricted to

those cases "where the title of land is definitely in question, — where it is to be settled." *Lewis* v. *Martin,* 1 Day 263, 265. Foreclosure actions were held not to fall within this statutory provision but were deemed transitory and could be brought in the county of the residence of one of the parties, like ordinary civil actions. *Broome* v. *Beers,* 6 Conn. 198; *Palmer* v. *Mead,* 7 Conn. 149; 2 Swift, Digest, p. 197. These authorities reasoned that in a foreclosure action the title to the land was not involved and could not be questioned, even where such defenses as usury or fraud existed. The practice prior to 1830 was for the mortgagee first to obtain a judgment of foreclosure in one action and then to obtain possession in a second action of ejectment. *Nourse* v. *Lycett,* 114 Conn. 432, 437. In the second action, such defenses as were available might be raised. *Cowles* v. *Woodruff,* 8 Conn. 35.

The doctrine that title could never be investigated in a foreclosure suit was modified in 1830 to allow the defense of usury to be raised. *Cowles* v. *Woodruff,* supra. Some years later (1844), the latter case was construed to have rejected entirely the rule that in a foreclosure the mortgagee's title was not in issue. *Frink* v. *Branch,* 16 Conn. 260, 268. However, although *Cowles* v. *Woodruff,* supra, may be regarded as having overruled the doctrine that the mortgagee's title could not be investigated, as enunciated in the earlier cases (*Broome* v. *Beers,* supra; *Palmer* v. *Mead,* supra), it expressly (8 Conn. at 37) retained the view that a foreclosure was a transitory and not a local action governed by the statute pertaining to suits "wherein the title to land is to be tried and determined." See § 52-42. "It must, however, be considered as settled, in this state, that a bill of foreclosure need not be brought in the county where the land lies; and I am not disposed to disturb it." *Cowles* v. *Woodruff,* supra, 37.

It is interesting to note that a dissenting opinion in *Palmer* v. *Mead,* supra, 161, which was cited with approval in the later cases (see *DeWolf* v. *A. & W. Sprague Mfg. Co.,* 49 Conn. 282, 305) which over-turned the doctrine that in a foreclosure the title of the mortgagee could not be investigated, reaffirmed and set forth an independent rationale for regard-ing a foreclosure as a transitory action in contrast to a title action, which was local: "This statute [now § 52-42] regards actions *at law,* and has never been deemed to apply to bills in equity, wherein the title to land may be decided. . . . The statute of our state, like the *English* law, provides for the trial of titles to land in the vicinity, because the jury who are to settle titles comes from the vicinage; but surely such a provision is useless, where the ques-tions are all to be settled by the judges."

The statutory antecedent of § 52-17, which permits "[a]ctions involving the title to land, or for trespass to land, when such land consists of an entire tract or farm lying partly in two or more counties," to be brought in either county, was first enacted in 1863. Public Acts 1863, c. 25; Rev. 1866, p. 18 § 81. At that time mortgage foreclosure actions were still deemed transitory *(Cowles* v. *Woodruff,* supra), and could be brought in the county of the residence of either the plaintiff or the defendant in accordance with the general venue statute, the antecedent of § 52-42, which dates from colonial times. Rev. 1866, p. 17 § 80; Statutes, 1808, p. 34 § 6. It is apparent, there-fore, that the exception created by the 1863 enact-ment for an entire tract of land situated in more than one county applied only to suits "wherein the title to land" was at issue, all other actions being considered transitory at that time.

Because the general venue statute required tran-sitory actions to be brought in the county of the residence of one of the parties, a statute was enacted

in 1877 providing that "when none of the parties having an interest in such property reside in this state," an action to foreclose a mortgage might be brought in the county where the land, or some of it, was situated. Public Acts 1877, c. 36; see Rev. 1888 § 967. In 1895, a statute was enacted which made this venue choice available in a foreclosure proceeding to residents as well as to nonresidents, preserving, for residents, the existing alternatives applicable to other transitory actions: "Suits to foreclose mortgages or liens upon real estate may be brought and determined in the county in which the land is situated, or in which either the plaintiff or defendant resides." Public Acts 1895, c. 158 § 1; see Rev. 1902 § 545. In 1905 this statute was amended by eliminating the alternative choice of the residence of one of the parties as a forum and requiring that foreclosures be brought where the land was situated: "Suits to foreclose or redeem mortgages . . . upon real estate shall be brought and determined in the county or district in which the land is situated." Public Acts 1905, c. 82; see Rev. 1918 § 5566. This enactment has remained unchanged and constitutes the first sentence of § 52-19 to this time. The second sentence, with which we are concerned, was enacted in 1917 as follows: "If such real estate is located in two or more counties . . . , such suit may be brought in either of such counties . . . ." Public Acts 1917, c. 104; see Rev. 1918 § 5566.

The legislative history of § 52-19 (foreclosure) establishes that this statute developed independently of § 52-17 (title—entire tract). Consequently, there is no historical basis for imputing to the clause, "[i]f such real estate is located partly in two or more counties" (§ 52-19) the same meaning as is given the clause, "when such land consists of an entire tract or farm lying partly in two or more counties" (§ 52-17). Since § 52-19 narrowed the

practice which prevailed until 1905 of treating foreclosure actions as transitory, returnable to the resident county of one of the parties, there is no reason to expand this restriction upon former procedures beyond what the statutory language dictates.

The narrow scope of the exception created by § 52-17 for title or trespass actions, where the land "consists of an entire tract or farm" situated in two counties, corresponds to the nature of the action involved, wherein title to one particular parcel of land and its precise boundaries are usually the principal subject of investigation. Such a suit is an action at law in which a jury trial may be had as of right, a feature which accounts for the traditional view that such actions are local. *Palmer* v. *Mead,* 7 Conn. 149, 161 (dissenting opinion).

It is not uncommon for mortgages to be given on several parcels of land to secure a single debt. Statutory provisions for railroad and utility mortgages recognize this commercial reality. General Statutes §§ 16-218, 16-252. To construe § 52-19 as requiring separate foreclosures to be brought in each county, except in the rare instance of contiguous parcels, would run contrary to the judicial policy against multiple suits.

Although statutory provisions in other states differ in some respects from the statute considered here, a number of cases from other jurisdictions having similar statutes upheld the bringing of a single foreclosure action for parcels of land situated in several counties. *Lomax* v. *Smyth & Co.,* 50 Iowa 223, 232; *Hendrix* v. *Nesbitt,* 96 Ky. 652; *Agricultural Credit Corporation* v. *Land Investment Co.,* 66 N.D. 343; *Empire State Surety Co.* v. *Ballou,* 66 Wash. 76; *Commercial National Bank* v. *Johnson,* 16 Wash. 536; *Bank of Commerce* v. *Williams,* 52 Wyo. 1.

Under § 52-19 it was proper to bring the foreclosure action upon the mortgage covering land in Clinton and in Madison to the Court of Common Pleas in the county of Middlesex. It is the conclusion of the court that the judgment of foreclosure in that action was valid and not jurisdictionally defective with respect to the Madison land. This conclusion makes it unnecessary to consider whether the failure to bring a foreclosure action to the proper county is a jurisdictional defect subject to collateral attack and not waived by failure to raise the question seasonably.

A declaratory judgment is rendered as prayed for in the complaint declaring the foreclosure judgment valid and not defective by reason of lack of jurisdiction by the Court of Common Pleas in the county of Middlesex, without costs.