[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (#101)
A motion to dismiss is the proper vehicle to utilize when attacking the jurisdiction of the court. Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702556 A.2d 602 (1989); In re Baskin's Appeal form Probate, 194 Conn. 635,640, 494 A.2d 934 (1984). The motion to dismiss CT Page 18 "essentially assert[s] that the plaintiff cannot as a matter of law and fact state a cause or action that should be heard by the court." In re Baskin's Appeal from Probate, supra, 640.
The motion to dismiss is governed by Practice Book 142 through 146. Practice Book 143 provides in pertinent part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process . . ." Id. A motion to dismiss may be granted only when it clearly appears on the face of the entire record that the court is without jurisdiction. In re Baskin's Appeal from Probate, supra, 640, White-Bowman Plumbing and Heating, Inc. v. Biafore, 182 Conn. 14,18, 437 A.2d 833 (1980).
Where the motion to dismiss does seek to introduce fact outside the record, it admits all well pleaded facts, and the complaint is construed most favorably to the plaintiff. Duguay v. Hopkins, supra, 227; Simeone v. Federal Press Co.,40 Conn. Sup. 173, 174, 485 A.2d 587 (1984, Higgins, J.).
This court has subject matter jurisdiction pursuant to22a-435 to hear cases where it is alleged that an order issued pursuant to 22a-438 has not been complied with. See Water Resources Commission v. Connecticut Sand and Stone, 170 Conn. 27
(1975).
"A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Honroe v. Honroe, 177 Conn. 173, 185 (1979). The Honroe case cited Lacks v. Lacks, 41 N.Y.2d 71, 359 N.E.2d 384 (1976), with favor, particularly noting pages 74-77 where the New York Court noted at length the ambiguities inherent in the concept of subject matter jurisdiction.
Based upon the allegations in plaintiff's complaint, Eighth Count the court determines that plaintiff has alleged a cause of action that Order No. 4116 Modified was entered into by agreement of the parties, and thereafter defendant failed to comply with it.
"Whether any of the claimed agreements existed was a question of fact for the court to determine." Bridgeport Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 249
(1970).
This court has jurisdiction to consider claims brought pursuant to 22a-14, et seq. CT Page 19
Defendant claims that the third prayer for relief, seeking declaratory and injunctive relief pursuant to 22a-14, et seq., is not authorized to be brought in the Hartford Judicial District and therefore this court is without jurisdiction to consider that claim.
To not allow the plaintiff to bring the 22a-14, et seq., claim in this judicial district, but rather to require it to be brought as a separate suit in the judicial district for Middlesex. "would run contrary to the judicial policy against multiple suits." First Connecticut Small Business Investment Co. v. Hoffman, 28 Conn. Sup. 451, 459 (1970).
This court has subject matter jurisdiction. The motion to dismiss is denied.
JOHN F. WALSH, J.