[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (Allen), instituted this action by complaint, dated July 12, 1995, against the defendants (Chelednik); Robert Fuda; Comcast Cablevision Corporation of Connecticut; Connecticut Light Power Co.; Southern New England Telephone Co.; and Southern New England Telecommunications Corp., for injuries arising out of an automobile accident between Allen and a car owned by Fuda and driven by Chelednik. The accident occurred on July 13, 1993. Service of the complaint was made on Fuda on July 14, 1995, and on Chelednik on July 15, 1995.
On November 1, 1995, Chelednik and Fuda filed a joint answer and special defenses in which they asserted, inter alia, that Allen's action is barred by the statute of limitations since the complaint was not served upon them within two years of the date of the accident. On April 9, 1996, Chelednik and Fuda filed a motion for summary judgment on the basis of the expiration of the statute of limitations.[1]
In their memorandum in support of the motion, Chelednik and Fuda argue that § 52-584 of the General Statutes, our statute of limitations governing personal injury/negligence actions, CT Page 5756 requires such an action to be commenced within two years of the date of the occurrence, in this case, July 13, 1993. Since service was not made upon Fuda until July 14, 1995, and on Chelednik until July 15, 1995, they argue that the statute of limitations has expired barring this action.[2]
In response to the motion, Allen admits that Chelednik and Fuda were not served before July 13, 1995, but argues that the late service is not fatal because of the provisions of § 52-593a
of the General Statutes, which allows a fifteen day "grace" period for service upon a defendant when the process is delivered to the sheriff on the last day of the limitations period. In their reply to Allen's objection, Chelednik and Fuda argue that the provisions of § 52-593a are not available to save this action because the sheriff, in his return, did not indicate when the process was delivered to him by Allen, as required by subsection (b) of the statute.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Wilson v. New Haven,213 Conn. 277, 279; Masotti v. Bristol Savings Bank, 43 Conn. Sup. 360,361, aff'd, 232 Conn. 172. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202; Practice Book § 384.
General Statutes § 52-593a provides, in part:
 [A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
 (b) In any such case the officer making service shall endorse under oath on his return the date of delivery CT Page 5757 of the process to him for service in accordance with this section.
Chelednik and Fuda's argument is that the savings provision of § 52-593a is not available to Allen because the sheriff, in his return, did not indicate the date that process was delivered to him by Allen's attorney as required by subsection (b). They argue that it is immaterial that the sheriff submitted an affidavit in response to their motion for summary judgment attesting to the date on which he received the process, since subsection (b) requires that such facts be set forth in the return. Allen argues that such a technical reading of § 52-593a
undermines the purpose behind this savings provision.
Courts have reached different conclusions regarding compliance with subsection (b) of § 52-593a. Some courts have held that strict compliance with the statute is necessary to avail oneself of the savings provisions; see Buck v. Esman,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 365584 (November 19, 1993, O'Neill, J.);Kelly-Kroen v. Dock Street Associates, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 128559 (July 21, 1993, Lewis, J.); while other courts have eschewed such a strict reading; see Biondo v. Town of Greenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 139590 (April 6, 1995, D'Andrea, J.); Viderman v. Pastore,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149646 (April 12, 1996, Ryan, J.).
This court concludes that the better position is the one taken by the courts in Biondo and Viderman, supra, and that the provisions of § 52-593a have been substantially complied with. It is well settled that remedial statutes are to be liberally construed; see, e.g., Fink v. Golenbock, 238 Conn. 183,213; and that courts should not exalt form over substance; see, e.g., Connecticut National Bank v. Browder, 30 Conn. App. 776,779. Accordingly, the court finds that this action may be saved by virtue of § 52-593a, and that the defendants' motion for summary judgment, based on the expiration of the statute of limitations, is denied.
Moraghan, J.