[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ONDEFENDANT'S MOTION TO DISMISS
I
By way of complaint filed on April 16, 1997, the CT Page 12666 plaintiff, Barbara Cichocki, brought this action against the defendant, Covenant Home, Inc. d/b/a Covenant Village of Cromwell and Pilgrim Manor, the plaintiff's employer. In the complaint, the plaintiff alleges that she was terminated from employment as a result of filing a Workers' Compensation claim and for filing a claim with the Commission on Human Rights and Opportunities ("CHRO").
In a one count complaint, the plaintiff advances the following claims: violations of General Statutes § 46a-60[1]; retaliatory discharge for filing a complaint with the CHRO; and retaliatory discharge for filing a claim under the Workers' Compensation Act.
On May 7, 1997, the defendant filed a motion to dismiss any portion of the complaint alleging violations of General Statutes § 46a-60 and discriminatory employment practices, including the retaliatory discharge claim for filing a complaint with the CHRO, on the grounds of lack of subject matter jurisdiction and improper venue. In support of its motion, the defendant submitted a memorandum of law. On May 27, 1997, the plaintiff filed an opposing memorandum. On August 28, 1997 the defendant filed a reply memorandum.
 II.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot
as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . ." (Internal quotation marks omitted.) Cannata v.Department of Environmental Protection, 239 Conn. 124,134 n. 17, 680 A.2d 1329 (1996).
 III.
The defendant contends that the motion to dismiss CT Page 12667 should be granted because the court lacks subject matter jurisdiction. The defendant maintains that the plaintiff failed to comply with General Statutes § 46a-101 (e), which requires the present action to be brought in the superior court within ninety (90) days of receipt of the release of jurisdiction from the CHRO. In support of the motion, the defendant relies on its requests for admission dated May 6, 1997, which the plaintiff failed to answer.[2]
In her opposing memorandum, the plaintiff maintains that the defendant has not established when the plaintiff received the release of jurisdiction. In addition, the plaintiff asserts that her action is timely under General Statutes § 52-593a.[3]
Accordingly, two issues are raised that must be addressed. The first asks the court to decide whether the plaintiff has complied with the mandates of General Statutes § 46a-101(e). The second issue, applicable only if the first is answered in the negative, asks whether General Statutes § 52-593a renders the present action timely.
Section 46a-100 of the General Statutes provides, in pertinent part, "Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82, alleging a violation of section46a-60 and who has obtained a release from the commission in accordance with section 46a-101, may also bring an action in the superior court. . . ." General Statutes § 46a-100. Section46a-101 (e) provides: "Any action brought by the complainant in accordance with section 46a-100 shall be brought within ninety days of the receipt of the release from the commission. General Statutes § 46a-101 (e)
Failure to comply with §§ 46a-100 and 46a-101 (e) of the General Statutes deprives the trial court of subject matter jurisdiction. See Shyrer v. Associates Pulmonologists ofWestern Connecticut, Superior Court, judicial district of Danbury, Docket No. 319434 (April 15, 1996, Moraghan, J.) (17 Conn. L. Rptr. 539).
In the present action, the plaintiff filed a charge of discrimination against the defendant with the CHRO on or before January 1, 1996. (Requests for Admission dated May 6, 1997, ¶ 4). On or before January 4, 1997, the plaintiff CT Page 12668 received the release of jurisdiction from the CHRO. (Requests for Admissions, ¶ 5). On April 8, 1997, the plaintiff commenced the present action by service of the writ, summons and complaint upon the defendant. Accordingly, the present action was not brought within ninety days of the receipt of the release from the commission as required by General Statutes § 46a-101(e).
Therefore, this court must now ascertain whether §52-593a of the General Statutes renders the plaintiff's action timely.
The defendant argues that even under General Statutes § 52-593a the plaintiff's action is not timely commenced because the plaintiff did not comply with the provisions of that statute. Specifically, the defendant contends that sheriff making service failed to endorse the date of delivery on the return as required by § 52-593a(b) of the General Statutes.[4]
General Statutes § 52-593a(a) provides that a cause of action shall not be lost the she process is personally delivered to an officer within the time limit and is thereafter served within fifteen days of the delivery. General Statutes § 52-593a(b) provides: In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this statute." General Statutes § 52-593a(b).
Courts have allowed suits to proceed where the plaintiff has filed affidavits from the sheriff attesting that the sheriff received service within the time provided. See, e.g.Allen v. Chelednik, Superior Court, judicial district of Danbury, Docket No. 321475 (August 16, 1996, Moraghan, J.) (17 Conn. L. Rptr. 427); Viderman v Pastore, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149646 (April 12, 1996, Ryan, J.) (17 Conn. L. Rptr. 543);Ashton v. Ashton, Superior Court, judicial district of Stamford\Norwalk at Stamford, Docket No. 141527 (October 27, 1995, Nigro, J.); Biondo v. Town of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139590 (April 6, 1995) (D'Andrea, J.); Landi v. Town ofGreenwich, Superior Court, judicial district of Stamford/Norwalk Stamford, Docket No. 139591 (April 6, 1995) (D'Andrea, J.); CT Page 12669Zarillo v. Peck, 33 Conn. Sup. 676, 366 A.2d 1165 (1976) (even though the return did not conform with the statutory requirement that the sheriff who made service endorse thereon the date of delivery of the writ to him, the return was curable by amendment).[5]
In the present action, the plaintiff submitted a supplemental return filed on May 27, 1997. According to that return, the sheriff endorsed under oath that the writ, summons and complaint were delivered to him on April 4, 1997, which is within the time limitation established by General Statutes § 46a-101 (e). The defendant was served with process on April 8, 1997. It is therefore found that the plaintiff's action is timely commenced under General Statutes § 52-593a.
Accordingly, the defendant's motion to dismiss is denied.
 IV.
A claim of improper venue is properly raised by a motion to dismiss. Practice Book § 143. "Venue is not a jurisdictional question but a procedural one . . . . Statutory venue requirements simply [confer] a privilege not to be required to attend court at a particular location . . . . Accordingly, it may be waived by the parties, unlike subject matter jurisdiction, which cannot be conferred by consent." (Citations omitted; internal quotation marks omitted.) Savage v. Aronson, 214 Conn. 256, 263,571 A.2d 696 (1990).
 V.
The defendant maintains that the court lacks jurisdiction because the plaintiff filed suit in the wrong judicial district under General Statutes § 46a-100, which provides an action alleging discriminatory practices shall be brought in the judicial district where the discriminatory practices occurred or where the defendant conducts business.[6]
According to the defendant, the plaintiff does not transact business outside of Cromwell, which is part of the judicial district of Middlesex. The defendant also notes that the discriminatory employment practices occurred in Cromwell as well. Therefore, the defendant maintains that the present action should have been brought in the judicial district of CT Page 12670 Middlesex.
The plaintiff maintains that venue is proper under § 51-345 (a)(3)(G) of the General Statutes, which was repealed by Public Act 1997, No. 97-40, § 9, effective September 1, 1997.[7] According to the plaintiff, P.A. 97-40
allows the plaintiff at her option to bring an action in the judicial district Hartford-New Britain or the judicial district of Middlesex if either the plaintiff or the defendant resides in the town of Cromwell.[8] The plaintiff therefore maintains that under P.A. 97-40 she was entitled to bring the present action in the judicial district of Hartford-New Britain.
Public Act 97-40, formerly § 52-42 of the General Statutes, is the general venue statute for civil actions.Pelak v Karpa, 146 Conn. 370, 374, 151 A.2d 333 (1959).First Connecticut Small Business Investment Co. v. Hoffman,28 Conn. Sup. 451, 457, 265 A.2d 508 (1970). Whereas, General Statutes of the General Statutes § 46a-100 specifically governs venue for actions alleging discriminatory employment practices under General Statutes § 46a-60. See General Statutes § 46a-100. "[W]hen general and specific statutes conflict they should be harmoniously construed so the more specific statute controls." McKinley v. Musshorn,85 Conn. 616, 624, 441 A.2d 600 (1981); Patry v. Board of Trustees,190 Conn. 460, 468, 461 A.2d 443 (1983).
In the present action, the plaintiff alleges that the defendants violated General Statutes § 46a-60. Accordingly, it is found that General Statutes § 46a-100, which expressly govern discriminatory practices, is applicable to the present case. See McKinley v. Musshorn, supra, 185 Conn. 624; Patryv. Board of Trustees, supra, 190 Conn. 468.
Therefore, pursuant to General Statutes § 46a-100
the plaintiff was required to bring the present action in the judicial district of Middlesex, where the alleged discriminatory practices occurred and where the defendant transacts business. (Requests for Admission dated May 6, 1997, ¶¶ 1-3.) Because the plaintiff has brought the present action in the wrong judicial district, this court grants the defendant's motion as to the applicability of General Statutes § 46a-100 and orders the case to be transferred to the judicial district of Middlesex. See General Statutes § 51-351 (provides "[n]o cause shall CT Page 12671 fail on the ground that it has been made returnable to an improper location.") Sprague v. Commission on Human Rights Opportunities, 3 Conn. App. 484, 487, 489 A.2d 1064, cert. denied, 196 Conn. 804, 492 A.2d 1240 (1985) ("[T]he legislature's intention in enacting 51-351 was to provide the remedy of transfer rather than dismissal . . .").
It is accordingly concluded that the court has subject matter jurisdiction over the plaintiff claims. It is further concluded that the Motion to Dismiss is granted on the grounds of improper venue and the case be transferred to the proper judicial district.
ROBERT F. STENGEL, JUDGE, SUPERIOR COURT.